## J. S. MERONEY v. ATLANTA NATIONAL BUILDING AND LOAN ASSOCIATION AND J. W. GOLDSMITH, Trustee.

*Usury—Conflict of Laws—Mortgage—Injunction.*

1. A contract, if made payable in another State to avoid the usury laws in this State, will be adjudged usurious whatever may be the law of that State.

.2. Where, in an action to redeem a mortgage on realty under which the trustee has advertised the land for sale, the complaint alleges that the contract, to secure which the mortgage was given, is usurious and was made payable in another State to avoid the usury laws of this State, there is a "serious issue" between the parties which entitles the plaintiff to an order restraining the sale until the hearing.

CIVIL ACTION, instituted by plaintiff against defendant in Superior Court of CHEROKEE County to Spring Term, 1892, of said Court, to redeem a mortgage on realty situated in said county, given by plaintiff to defendant to secure a loan of three hundred dollars. The matter was heard on application by plaintiff for restraining order prohibiting a sale of said realty by defendant under the mortgage. The restraining order was granted, returnable on May 23, 1892, and on application of both parties for a time to file further affidavits was continued and heard by consent before *Hoke, J.,* at Chambers, on June 23, 1892.

The plaintiff moved that such restraining order be continued to the hearing, the defendant insisting that same should be dissolved and the sale allowed to proceed.

On considering the affidavits and exhibits filed the Court found the facts to be as follows:

"1. The defendant, the Atlanta Building and Loan Association is a corporation organized under laws of Georgia, having its principal place of business in Atlanta, Georgia,

and for the purpose of carrying on a general building and loan business in Georgia and other States, with a provision for establishing local or branch offices at such points as the company may determine.

"2. In February, 1890, plaintiff became a subscriber for five shares of defendants' stock, said subscription being made in local office established at Murphy, North Carolina, and he became a member of said company, entitled to share in its benefits, etc.

"3. On September 11, 1890, plaintiff borrowed from said company the sum of three hundred dollars, and executed his note for same, and also the mortgage on the realty, situate in Cherokee county, North Carolina, and also pledged and hypothecated his shares of stock as security, pursuant to the plan set out in the scheme of company, and as shown forth in mortgage, application and contract. The application for said loan was made to central office in Atlanta, and was also passed upon by local board, as required by charter and by-laws of the defendant company. The note and mortgage were signed in Cherokee, North Carolina, and mortgage was registered in Registry of Cherokee, where the land is situate.

"4. That the note and mortgage, etc., stipulate on their face that the contract is made in reference to the laws of the State of Georgia, and is, and was, intended by the parties to be a Georgia contract.

"5. That since entering into contract relation of debtor and creditor the plaintiff for four months, from September to December, paid on said contract interest at six per cent., or one dollar and fifty cents per month, and premiums at one dollar and fifty cents per month, and had, before that time, paid in premiums and interest the sum of thirty dollars, thirty dollars being paid on premiums and assessments, as required by the plan and charter of the company; that

plaintiff made no further payments, pursuant to plan of company, but before commencement of this action had tendered to the officers and agents of the defendant company the entire amount due on his debt, with interest at legal rates, claiming as credit on same the thirty dollars paid before he borrowed the money and signed the mortgage, and the twelve dollars paid as interest and premium, and plaintiff is ready and willing to pay on said contract the debt and interest.

"6. That defendant company and their co-defendant Goldsmith refuse to receive the debt and interest, and under a clause of the contract, provided for that purpose, have declared the entire debt due, and refuse to receive the amount borrowed and legal rates of interest, and claim there is due from plaintiff to defendant on the contract an amount greatly in excess of sum borrowed and interest at legal rate, and demand an additional amount as fines, dues, assessments, premiums and attorney's fees for foreclosure, and had advertised the realty for amount due on mortgage, as claimed by defendant, and will sell same unless restrained by this Court.

"7. That by the laws of Georgia the scheme and plan of defendant company has been construed not to be an usurious contract. Several affidavits to that effect were filed, and the decisions of the Supreme Court of Georgia were also introduced on the subject. *Parker* v. *Building and Loan*, 46 Ga.; *Van Peet* v. *Building and Loan*, 79 S. P., 43 Ga.

"8. That plaintiff has issued his summons in this action, and same made returnable to Spring Term, 1892, of said Court, and said summons was served before plaintiff applied for the restraining order.

"9. This Court is of opinion, and so holds, that the contract is usurious; that the decisions of the Supreme Court of Georgia are not conclusive as to the scheme and plan of

defendant company, and it is therefore adjudged that plaintiff is entitled to an account. The motion to dissolve the restraining order heretofore issued is denied, and it is ordered that the same be and is hereby continued to the hearing."

Defendants appealed.

*Mr. J. W. Cooper*, for plaintiff.
*Messrs. J. W. Hinsdale* and *Batchelor & Devereux*, for defendants (appellants).

PER CURIAM: If it is true, as the plaintiff alleges, that the contract set out in the complaint was made payable in the State of Georgia to avoid the usury laws of this State, that contract will be adjudged to be usurious, whatever may be the law of that State. There is, therefore, a "serious issue" between the parties, which, under the rule established by *Whitaker* v. *Hill*, 96 N. C., 2; *Harrison* v. *Bray*, 92 N. C., 488, and *Davis & Gregory* v. *Lassiter*, at this Term, entitles the plaintiff to have the restraining order continued in force to the hearing.

No Error.