## W. H. ROGERS v. W. FRANK BOOKER.

(Filed 11 October, 1922.)

1. **Mortgages — Registration — Notice — Automobiles—Vendor and Purchaser—Liens—Deeds and Conveyances.**

   Where the mortgagor of an automobile has sold it to another after the registration of the mortgage, in claim and delivery, there was conflicting evidence as to whether the mortgagee gave permission for the sale: *Held,* an instruction that the registration of the mortgage was notice of the lien to the defendant purchaser, and he acquired the automobile subject to the mortgage lien, unless the jury find that the plaintiff mortgagee had waived the right to his lien, is correct. This principle is distinguished from one in which a mortgage is taken of an entire stock of goods which were left with the mortgagor for sale.

2. **Judgments—Claim and delivery—Actions—Mortgages—Liens—Vendor and Purchaser—Damages—Statutes.**

   Where it is established by the verdict in claim and delivery that the mortgagor had sold to the defendant an automobile subject to the plain-

tiff's registered mortgage, without express or implied waiver of the plaintiff's lien, and that the note procured by the mortgage was tainted with usury, C. S., 2306, the judgment should direct a sale of the mortgaged automobile, and payment of principal without interest to the plaintiff, and surplus, if any, to defendant after deducting costs; and, also, payment of any damages for deterioration or detention caused by the defendant's use of the car held by him under replevy bond, after the bond of plaintiff in claim and delivery was given by him. C. S., 836.

APPEAL by defendant from *Devin, J.,* at May Term, 1922, of WAKE.

This was an action for the possession of an automobile with the ancillary remedy of claim and delivery. The plaintiff claimed the right to possession by virtue of a chattel mortgage executed to him by Carr E. Booker, duly recorded in the office of the register of deeds of Wake to secure a note in the sum of $600, and interest, for money loaned, dated 1 November, 1920.

The defendant gave bond, retaining possession of the automobile, alleging that he bought it on or about 12 April, 1921, from Carr E. Booker, an automobile dealer and agent for the Crow-Elkhart cars in Raleigh. He asserted that he bought the car from said Booker at a sale room in the city of Raleigh, and that he had no notice of any mortgage or claim held by said defendant.

The plaintiff testified that he made a loan to Carr E. Booker to secure which his mortgage and note were given. He made demand on the defendant W. F. Booker, when he found he had possession of the car, who said he bought the automobile from Carr E. Booker for $1,000, and declined to give up the car. Carr E. Booker has left the State. He left the night that the plaintiff made the demand on him for the car. On cross-examination, plaintiff said he extended this note to 1 September, upon a payment thereon of $75. The plaintiff further testified that he does not think that Carr E. Booker ever sold an automobile in Raleigh unless it was a second-hand one; that he had an automobile stock in Raleigh, and this was the only one in that class. He said the other cars were stored cars. The plaintiff said he had no intimation that there would be any attempt to sell this car. He never agreed that it should be sold, and was never asked permission to sell it. He held the mortgage as security for the loan; that defendant's place was not full of cars.

The defendant testified that he was only distantly related to Carr E. Booker; that he was not interested in his business, and did not owe him any money; that he did not know there was any mortgage or lien on the car when he bought it; that he bought it out of the stock Carr E. Booker had in hand; that when he bought the car from Carr E. Booker he did not ask him if there was any mortgage on it, and did not examine the

record; that Carr E. Booker told him the car had been run some; that when he asked the defendant if he gave permission for the car to be sold, he said: "Of course my mortgage had to be paid."

The defendant further said that he was in the mercantile business; that he took mortgages and had them recorded; that he sold mules and horses and held mortgages against them.

L. J. Sears testified for the defendant that he had been to Carr E. Booker's place of business, had seen cars in there, but on the day he went there were only two; one was new and the other old. The plaintiff testified that he did not tell the defendant in either of the conversations he had with him that he had ever consented for the car to be sold; that Carr E. Booker had never asked him for permission to sell it; that he did not tell the defendant that Carr E. Booker had the car there to sell; that Carr E. Booker never made such statement to him.

Upon the issues submitted the jury found that there was due the plaintiff, on the note and mortgage described in the complaint, $500; that the plaintiff was entitled to the possession of the automobile by virtue of said mortgage; that its value at the time it was taken under claim and delivery was $800. Judgment for plaintiff. Appeal by defendant.

*No counsel for plaintiff.*
*Percy J. Olive and Little & Barnes for defendant.*

CLARK, C. J. Upon this conflicting evidence, the court charged the jury as follows: "Now the mere fact that C. E. Booker was permitted to retain possession of the automobile was no implied authority to sell it free from lien of recorded mortgage, and would not have the effect of avoiding the validity of the mortgage, and would not give to the purchaser from C. E. Booker an unencumbered title. A recorded mortgage is a notice to all the world, if it is recorded in the proper county, C. S., 3311, and all that C. E. Booker could pass was his interest in said automobile. But if you find from this evidence, and by the greater weight thereof, that the plaintiff gave to Mr. C. E. Booker authority to sell the car free from lien of said mortgage, and thereby released the mortgage with respect to this automobile, agreeing that he would look only to C. E. Booker to pay the debt, if you find these facts by the greater weight of the evidence you would answer the second issue 'No,' that is, if the defendant has satisfied you by the greater weight of the evidence that the plaintiff has released the lien and permitted him to sell it, then you would answer the issue 'No,' and Mr. Rogers would not have any right to possession of the automobile, because he would have thereby waived his lien with respect thereto. So that presents the question here."

This was the only assignment of error in this appeal, except to the judgment. This was not the case of a mortgage upon a stock of goods which was left in the hands of the mortgagor for sale. There was nothing to indicate in the remotest degree such state of facts. The evidence is that Carr E. Booker borrowed money from the plaintiff and gave him a mortgage upon a single automobile as security, and that this mortgage was duly and promptly recorded, and upon the charge the jury found that Carr E. Booker had no authority, express or implied, to sell it free from the lien of the recorded mortgage.

There was no prayer for instructions, and there was no error in the respect assigned to the charge.

We think, however, there was error in the judgment. On the issues submitted, the jury found that there was due the plaintiff on the note and mortgage described in the complaint, $500; that the plaintiff was entitled to the possession of the automobile by virtue of said mortgage; and that the value of the automobile at the time of the seizure under claim and delivery was $800, and the court rendered judgment that the plaintiff recover possession of the automobile, and if that cannot be had, that he recover of the defendant and his surety $800, the value of said automobile at the time of seizure, and costs of the action, to be discharged upon payment by defendants of said $500, and costs.

The court gave the plaintiff judgment for $500, without interest, because the loan was tainted with usury. C. S., 2306; *Smith v. B. & L. Assn.,* 119 N. C., 255; *Ward v. Sugg,* 113 N. C., 489; *Fowler v. Trust Co.,* 141 U. S., 406. The usury did not impair the validity of the mortgage, and only forfeits the interest. *Spivey v. Grant,* 96 N. C., 214. But the defendant acquired a valid title to the vendor's interest in the automobile subject to the mortgage, and he is entitled to have the judgment modified if he so desires to direct a sale thereof and payment to him of the surplus, if any, after payment of $500, and costs.

The defendant has had the use of the automobile, and if it has deteriorated in value below $500, and costs, since the bond in claim and delivery was given, the plaintiff, if so advised, can have his damages sustained thereby assessed. C. S., 836; *Randolph v. McGowans,* 174 N. C., 203, on motion and inquiry in the cause. *Hendley v. McIntyre,* 132 N. C., 276; *Hall v. Tillman,* 103 N. C., 276.

The judgment, as above stated, is

Modified and affirmed.