J. P. SLOAN v. PIEDMONT FIRE INSURANCE COMPANY.

(Filed 20 May, 1925.)

1. **Usury—Actions—Counterclaim—Penalty—Statutes.**

Where interest at an usurious rate has been charged for the loan of money, the note therefor is stripped of its interest-bearing quality under the provisions of our statute, C. S., 2306, and the penalty is recoverable either in reduction of the principal sum in counterclaim in the payee's action upon the note, or in the payor's action as in the nature of a debt.

2. **Same—Limitation of Actions.**

Where a note is given for money borrowed, and extended upon the payment of usury knowingly received, C. S., 2305, the statute of limitations bars the right of recovery of the penalty two years after each usurious transaction, C. S., 442 (2) ; and in this action, the plaintiff having elected to sue under the statute for the penalty, the action will not be considered as one for an accounting, regarding the payment of the usurious interest as payment upon the note, and thus repel the bar of the statute.

APPEAL by plaintiff from *Shaw, J.,* at October Term, 1924, of MECKLENBURG.

On 19 March, 1924, plaintiff executed his note for $2,800 due and payable, with interest from date at six per cent, on 1 September, 1914. Within a few days thereafter, this note was transferred by endorsement of the payee named therein to defendant. Plaintiff paid to defendant, as interest on said note, in advance, the sum of $224, defendant agreeing in consideration therefor to extend the payment of said note to 18 March, 1915; thereafter during March of each year, plaintiff paid to defendant, as interest on said note, in advance, the sum of $224, defendant agreeing, immediately before or contemporaneously with each payment to extend payment of said note for the succeeding year. Payment of the note was thus extended to 18 March, 1923. On 30 March, 1923, plaintiff paid to defendant $2,808.10, thus paying principal and interest accrued from 18 March to 30 March, 1923.

The aggregate amount paid by plaintiff to defendant, as interest, annually in advance, prior to 1 March, 1922, was $1,792; the amount paid subsequent to 1 March, 1922, as found by the jury, was $233.10. The total amount paid as interest on said note was $2,025.10. The interest for each year was paid in advance at the rate of eight per centum per annum. Defendant knowingly charged, and took and received from plaintiff a rate of interest in excess of six per centum per annum.

This action was begun on 7 December, 1923, by plaintiff to recover of defendant the penalty prescribed by statute for usury charged by defendant and paid by plaintiff.

From judgment that plaintiff recover of defendant the sum of $466.20 and costs, plaintiff appealed to the Supreme Court. Plaintiff contends that there was error (1) in the instruction of his Honor that if the jury should find the facts to be as testified by the witnesses they should find that the amount paid by plaintiff to defendant as interest subsequent to 1 March, 1922, and prior to the commencement of the action was $233.10, and that plaintiff was entitled to recover of defendant the sum of $466.20; (2) in the instruction of his Honor that if the jury should find the facts to be as testified by the witnesses, plaintiff's cause of action for the penalty on account of payments of interest at a rate in excess of six per centum per annum prior to 1 March, 1922, was barred by the statute of limitations; and (3) in the refusal of his Honor to hold that the amounts paid annually as interest at a rate in excess of six per centum per annum should be applied as payments on the principal of the note, thus reducing the principal sum due on 30 March, 1923, and to adjudge that plaintiff recover of defendant the difference between the principal thus reduced and the amount paid, to wit: $2,808.10, as an overpayment.

These contentions are presented by exceptions duly noted upon which assignments of error are based.

*J. F. Flowers for plaintiff.*
*Tillett & Guthrie, C. W. Tillett, Jr., and D. W. Spencer for defendant.*

CONNOR, J. This is an action to recover the penalty prescribed by statute (C. S., 2306) for taking, receiving, reserving or charging a greater rate of interest than six per centum per annum. The legal rate of interest in this State is six per centum per annum, and no more. (C. S., 2305). Interest at a rate in excess of six per centum per annum, when knowingly taken, received, reserved or charged is usury.

The penalty prescribed by statute for charging usury is forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon. A debt, upon which usury has been charged and agreed to be paid is stripped of its interest-bearing quality. In an action upon such a debt, only the principal can be recovered.

The penalty prescribed by statute, for taking, receiving, reserving or charging usury, when the same has been paid, is liability to the person or his legal representatives, or the corporation by whom it has been paid, for twice the amount of interest paid, to be enforced in an action in the nature of an action for debt, or to be allowed as a counterclaim in an action by the creditor against the debtor to recover the debt upon which the usury has been paid. An action to recover the penalty, or a

demand for the penalty as a counterclaim, as prescribed or allowed by the statute, must be brought or made within two years from the date on which the cause of action for the penalty or the right to demand the penalty as a counterclaim accrues; otherwise, it is barred. C. S., 2305; 2306; 442, subsection 2.

The late *Chief Justice Clark,* in *Tayloe v. Parker,* 137 N. C., 418, says: "The whole subject of usury is a matter of public policy, resting in legislative discretion, and the courts have no concern save to execute the law as it is written."

Upon the facts as found by the jury in this case, defendant is liable to plaintiff, under the statute, for the penalty for the usury paid by plaintiff and charged and received by defendant. This penalty—twice the amount paid and received as interest at a rate in excess of six per cent—is recoverable in this action, unless the action for the penalty, in whole or in part, is barred by the statute of limitations. The several amounts paid as usury were paid from year to year, each payment being immediately preceded by or contemporaneous with an agreement by defendant, in consideration of such payment, to extend the payment of the note for one year thereafter. The payments of the respective amounts as usury were separate and distinct, each from the other. The several agreements for extension were unrelated. The cause of action for the penalty for each payment of usury arose immediately and accrued at once upon the date of the payment. The action to recover the penalty for each usurious transaction was therefore barred under C. S., 442, subsection 2, upon the expiration of two years from the date of the payment.

The cause of action for the penalty for usury accrues at the date of the usurious transaction, and unless this date is within two years prior to the commencement of the action to recover the penalty or prior to the demand for the penalty as a counterclaim in an action to recover the debt, on which usury has been paid, the action or the demand is barred; C. S., 442, subsec. 2. So much of chapter 69, Laws of 1895 as provided that the action to recover the penalty for usury shall be commenced within two years after the payment in full of the indebtedness is no longer the law. Rev., 1905, sec. 5453, C. S., 8101. The usurious transaction for which the penalty is allowed, occurs when interest at a rate in excess of six per centum per annum is knowingly charged, taken, received or reserved. All payments of interest made by plaintiff to defendant, in excess of six per centum per annum on the note for $2,800, prior to 1 March, 1922, are barred, and plaintiff's contention that his Honor was in error in so holding, cannot be sustained.

Nor can the first contention be sustained. All the evidence is to the effect that the only payments made to defendant by plaintiff subsequent

to 1 March, 1922, as interest were the sum of $224, paid on or about 18 March, 1922, and $8.10 paid on 30 March, 1923. It is conceded that there is an error of $1 in the jury's finding. The aggregate should be $232.10 and not $233.10. The judgment should be for $464.20, and not for $466.20. This is manifestly an error in addition, and will be corrected by the clerk of the Superior Court of Mecklenburg County. There is no error of law or legal inference sustaining the contention of plaintiff.

Plaintiff's third contention is that the amounts paid annually as interest at the rate of eight per centum per annum should be applied as payments on the principal of the note, which by reason of the charge of usury has been stripped of its interest-bearing quality. Plaintiff contends that judgment should have been rendered that he recover of defendant the difference between the principal, without interest, thus reduced and the amount paid on 30 March, 1923, this difference being an overpayment by plaintiff to defendant on the note.

This is not an action for an accounting; it is an action, under the statute, in the nature of an action for debt to recover the penalty prescribed by statute for usury paid. It is alleged in the complaint that the respective payments were made and received as and for interest. The evidence sustains the allegations, and it is found by the jury that the payments were made knowingly as interest at a rate in excess of six per centum per annum. Plaintiff's third contention cannot be sustained; *Cobb v. Morgan*, 83 N. C., 211; *Rogers v. Bank*, 108 N. C., 574.

Plaintiff, after paying usury annually through a series of years, elected to pay off and discharge the principal of his note, and then to sue under the statute for the penalty provided therein. Defendant pleads and relies upon the statute of limitations. Their respective rights and remedies are statutory. The judgment rendered by his Honor upon the facts found by the jury is in accordance with the statutes applicable to the facts shown by the evidence and found by the jury.

We find

No error.