H. C. RIPPLE, TRUSTEE IN BANKRUPTCY OF GEORGE H. WILLARD MOTOR COMPANY, v. MORTGAGE AND ACCEPTANCE CORPORATION.

(Filed 23 March, 1927.)

**1. Usury—Actions—Parties—Bankruptcy—Trustee.**

A right of action to recover the penalty for a usury charge is in the nature of an action for debt, and is a wrongful detention of, or injury to the estate of the bankrupt which passes to his trustee in bankruptcy. C. S., 2306.

**2. Usury—Contracts—Interpretation—Substance—Statutes.**

Where a finance corporation loans money for the purchase of automobiles sold in this State to be paid for herein at a greater rate of interest

than six per cent, the transaction is an usurious one coming within the inhibition of our statute and the penalty it imposes, though the contract is couched in the language of bargain and sale in order to evade our usury law.  C. S., 2305.

**3. Same—Place of Payment.**

Where in fact a contract for the payment of usurious interest in violation of C. S., 2305, was made and payable in this State, the fact that it appeared from the face of the contract that it was payable in another state, does not relieve it of its usurious charge of interest contrary to the statute of this State.

APPEAL by defendant from *Oglesby, J.,* at September Term, 1926, of FORSYTH.   Affirmed.

Action by plaintiff trustee in bankruptcy to recover of defendant twice the amount paid to defendant by the bankrupt prior to its adjudication, upon the allegation that said amount was usury.

The action was begun and tried in Forsyth County Court, before Parker, J., and a jury.  The issue submitted to the jury at said trial were answered as follows:

"1. Were the contracts sued upon executed in the State of Maryland, as alleged in the answer?   Answer: 'No.'

"2. Were the contracts to be performed in the State of Maryland, as alleged in the answer?   Answer: 'No.'

"3. Did the defendant own and sell the automobiles to the George H. Willard Motor Company, and take conditional sales contracts therefor, as alleged in the answer?   Answer: 'No.'

"4. Did the defendant knowingly take, receive, reserve, or charge the George H. Willard Motor Company a greater rate of interest than six per cent per annum, as alleged in the complaint?   Answer: 'Yes.'

"5. What amount of penalty, if any, is the plaintiff entitled to recover of the defendant for usurious interest paid?  Answer: '$2,290.80.' "

From judgment on the verdict, defendant appealed to the Superior Court of Forsyth County.  Upon said appeal, its assignments of error, based upon exceptions taken during the trial in the county court, were not sustained.

From judgment of the Superior Court affirming the judgment of the county court, defendant appealed to the Supreme Court.  Upon its appeal to this Court, defendant assigns as error, first, the refusal of the judge of the Superior Court to sustain its assignments of error, based upon exceptions taken during the trial in the county court, and, second, the signing of the judgment affirming the judgment of the county court.

*R. M. Weaver and Hastings & Booe for plaintiff.*
*W. T. Wilson, Edward Duffy, and A. B. Justice for defendant.*

CONNOR, J.   Interest is the compensation allowed by law, or fixed by the parties for the use, or forbearance, or detention of money.   Black's Law Dictionary.

The legal rate of interest in North Carolina is six per cent per annum for such time as interest may accrue, and no more.   C. S., 2305.   An agreement by the parties for the payment of interest in excess of the legal rate, made in this State and to be performed therein, is unlawful; such an agreement is in violation of the statute and is contrary to the public policy of this State, as declared by its General Assembly.   No cause of action founded upon such an agreement can be maintained in the courts of this State.   The agreement is void; there can be no recovery in any court in North Carolina upon a promise or agreement by a borrower to pay as compensation for the use of money a sum in excess of interest at the legal rate, where such agreement is made within this State, and both parties contemplate that it shall be performed therein. The law in this respect is well settled, and generally understood by all persons, firms, or corporations doing business in North Carolina.   From time to time, however, our courts are called upon to determine whether or not the law has been successfully evaded by those who are not content to lend money in North Carolina at the legal rate of interest.   Attempts to evade the law have not been generally successful.   Our courts do not hesitate to look beneath the forms of transactions alleged to be usurious in order to determine whether or not such transactions are in truth and in reality usurious.   In *Bank v. Wysong,* 177 N. C., 380, *Justice Walker,* speaking of a transaction alleged to be usurious, says:  "This kind of usurious agreement has been cast in various forms, but the courts have invariably stripped it of its flimsy disguises, and decided according to its substance, and its tendency and effect, when the purpose and intent of the lender is unmistakable.   This is the correct rule."   See *Lumber Co. v. Trust Co.,* 179 N. C., 211; *Monk v. Goldstein,* 172 N. C., 516; *Riley v. Sears,* 154 N. C., 509; *Burwell v. Burgwyn,* 100 N. C., 389.   Where a transaction is in reality a loan of money, whatever may be its form, and the lender charges for the use of his money a sum in excess of interest at the legal rate, by whatever name the charge may be called, the transaction will be held to be usurious.   The law considers the substance and not the mere form or outward appearance of the transaction in order to determine what it in reality is.   If this were not so, the usury laws of the State would easily be evaded by lenders of money who would exact from borrowers with impunity compensation for money loaned in excess of interest at the legal rate.

In North Carolina the penalty, as prescribed by statute, for taking, receiving, reserving, or charging for the use of money a sum in excess of interest at the legal rate is forfeiture of the entire interest which the

note or other evidence of debt carries with it, or which has been agreed to be paid. The forfeiture will be enforced against the usurer, when he seeks to recover upon the usurious contract or transaction. His debt will be stripped of all its interest-bearing quality, and he will be permitted to recover only the principal sum loaned. If a sum in excess of interest at the legal rate has not only been charged by the lender, but has also been paid by the borrower for the use of money, then the person, or his legal representative, or the corporation by whom the same has been paid, may recover twice the amount paid in an action in the nature of action for debt. C. S., 2306. *Sloan v. Ins. Co.,* 189 N. C., 690; *Waters v. Garris,* 188 N. C., 305.

This action is for the recovery of twice the amount paid by the George H. Willard Motor Company, a corporation organized under the laws of the State of North Carolina, with its principal place of business at Winston-Salem, N. C., to defendant, a corporation organized under the laws of the State of Delaware, with its principal place of business in the city of Baltimore, in the State of Maryland, as compensation for the use of money, the amount so paid being in excess of interest at the legal rate upon the amounts loaned. The transactions upon which the several amounts were paid extended from 23 June, 1924, to 23 January, 1925. The aggregate of the amounts so paid between said dates is $1,145.40. The George H. Willard Motor Company was adjudged a bankrupt on 6 March, 1925, and plaintiff, a resident of Forsyth County, has been duly appointed a trustee in bankruptcy for said company. This action was begun on 22 April, 1925.

Defendant's first assignment of error, upon its appeal to the Superior Court, was based upon its exception to the refusal of the county court to sustain its motion made in said court, before the jury was empaneled, that the action be dismissed on the ground that plaintiff, trustee in bankruptcy, cannot maintain the action, it being for the recovery of a penalty prescribed by statute. Defendant contends that this penalty can be recovered only by the person or corporation by whom usury has been paid, and that the right to recover same does not pass to or vest in the trustee in bankruptcy of such person or corporation. Upon its appeal to this Court, defendant assigns as error the refusal of the judge presiding in the Superior Court to sustain this assignment of error.

Upon the facts alleged in the complaint, the George H. Willard Motor Company, by the express provisions of the statute—C. S., 2306—at the date of its adjudication as a bankrupt, had a right of action, in the nature of an action for debt, against the defendant for the recovery of the amount demanded in the complaint. This right of action, together with all other rights of action arising upon contract, or from the unlaw-

ful taking or detention of, or injury to the property of the bankrupt, passed to and vested in the trustee in bankruptcy, upon his appointment and qualification as such trustee. National Bankruptcy Act, sec. 70. The cause of action alleged in the complaint is founded upon a statute; the statute, however, defines the action as one in the nature of an action for debt. It is for the recovery of twice the amount unlawfully taken by defendant from the bankrupt. The amount so taken is wrongfully detained by defendant, to the injury of the estate of the bankrupt. The right to recover twice this amount, by operation of law, has vested in the plaintiff, who as trustee in bankruptcy may maintain the action.

In Black on Bankruptcy, the author says: "A right of action under a state statute to recover back usurious interest paid (or double the amount of it, or a penalty for exacting it, as the case may be) will vest in the trustee in bankruptcy of the borrower, since the injury done by the usurer is an injury to the property or estate of the borrower, and not a personal tort." Sec. 344.

This statement of the law, taken from the text, is supported by authorities cited in the note. The identical question presented by defendant's assignment of error was decided in *Reed v. American-German National Bank,* 155 Fed., 233. It is there held that a trustee in bankruptcy may maintain an action to recover usurious interest paid by the bankrupt. In *Lasater v. First National Bank,* 96 Tex., 345, 72 S. W., 1057, it is held that a right of action for the recovery of a statutory penalty for taking usurious interest passes to the trustee in bankruptcy. In the opinion of the Court in that case, it is said that "the weight of authority sustains the proposition that when a cause of action as that asserted has accrued, it will, upon the bankruptcy of the owner, pass to the trustee in bankruptcy." See, also, Collier on Bankruptcy, 1925 ed., p. 1724.

In *Cleland v. Anderson,* 66 Neb., 252, 92 N. W., 306, 5 L. R. A. (N. S.), 136, it was held by the Supreme Court of Nebraska that a right of action, founded upon a statute of that state, for the recovery of damages resulting from a conspiracy to injure the bankrupt's business, or property, passed to his trustee in bankruptcy, under the provisions of the National Bankruptcy Act. In the instant case, the right of action, founded upon the statute, having accrued at the date of the adjudication, passed to the plaintiff, who as trustee in bankruptcy, may maintain the action, which is in the nature of action for debt. The amount recovered becomes an asset in the hands of the trustee, to be administered by him as property belonging to the estate of the bankrupt. There was no error in the refusal of the judge presiding in the Superior Court to sustain defendant's first assignment of error upon its appeal from the judgment of the county court.

In answer to the third and fourth issues, submitted at the trial in the county court, the jury has found that defendant did not own and sell the automobiles described in the conditional sales contracts offered in evidence; that the consideration for the notes executed by the said motor company, payable to the order of defendant, and thereafter paid by said company to defendant, was money loaned; and that defendant knowingly took, received, reserved, and charged said motor company, as compensation for money loaned, sums in excess of interest thereon at the legal rate.

We find no error in the refusal of the judge of the Superior Court to sustain defendant's assignments of error with respect to these issues. All the evidence was to the effect that the George H. Willard Motor Company purchased the automobiles from the manufacturer, who shipped the same from the factory to the motor company, at Winston-Salem, N. C., upon bills of lading, with drafts attached for the purchase price of the said automobiles; that these drafts were paid by the motor company by checks drawn on its bank account, and that upon payment of said drafts, the said automobiles were delivered by the railroad company to the motor company. The title to said automobiles never passed to or vested in defendant, either actually or constructively. The conditional sales contracts, in which defendant is described as vendor and the motor company as purchaser of said automobiles, were manifestly used for the purpose of concealing the real nature of these transactions. These transactions involved loans of money by defendant to the motor company; they were not sales of automobiles by defendant to the motor company.

Defendant admits that upon these various transactions, extending from 23 June, 1924, to 23 January, 1925, the motor company paid to it sums of money aggregating $1,145.40. These sums were called "finance charges"; they were in fact charges for the use of money, and exceeded interest at the legal rate upon the amounts loaned. The transactions were clearly usurious; they were admittedly entered into in North Carolina, and not in the State of Maryland.

Defendant, at the trial in the county court, relied chiefly upon its contention that the contracts upon which the motor company to it, as compensation for the use of money, sums in excess of interest at the legal rate, were to be performed in the State of Maryland, and not in the State of North Carolina, and that therefore there could be no recovery in this action.

Plaintiff contended that although the notes which were executed by the motor company were, upon their face, payable in the city of Baltimore, it was contemplated by both defendant and said company that they were to be paid in North Carolina.

After stating the contentions of both plaintiff and defendant, with respect to the second issue, the court instructed the jury as follows:

"Now, gentlemen of the jury, if the place of payment was specified as in the State of Maryland, for the purpose of avoiding the usury laws of North Carolina, and if it were a scheme or method to avoid the usury laws of North Carolina, and that was the reason for the place of payment being provided in Maryland, then your answer to the second issue would be 'No'; that they were not to be performed in Maryland, because if providing the place of payment as Maryland was a scheme to evade and whip around the usury laws of North Carolina, and was not done in good faith, then the place of payment, so far as the law is concerned, would not be in Maryland."

In *Meroney v. Building and Loan Asso.,* 112 N. C., 842, it was said by this Court that "if it is true, as plaintiff alleges, that the contract set out in the complaint was made payable in the State of Georgia to avoid the usury laws of this State, that contract will be adjudged to be usurious, whatever may be the law of that State." There was no error in the foregoing instruction, and defendant's exception thereto was properly not sustained upon its appeal to the Superior Court.

We find no error in the trial of this action in the county court. Upon the facts as found by the jury, plaintiff is entitled to recover of defendant twice the amount paid by the George H. Willard Motor Company to the defendant for the use of money loaned, said amount being in excess of interest at the legal rate upon the amounts loaned. The judgment is

Affirmed.