CHAS. R. BRIGGS AND WIFE, CLARA SILVIS BRIGGS, v. THE INDUSTRIAL ·BANK OF RICHMOND, JOHN D. BROWN AND G. C. HAMPTON, JR., TRUSTEE.

(Filed 24 April, 1929.)

**Quieting Title A a—Usurious · charge on notes secured by mortgage not ground for suit to remove cloud on title to extent of interest.**

An usurious charge of interest on notes does not affect the validity of the mortgage or deed of trust securing them, C. S., 2306, and a suit brought to remove a cloud upon title to the lands under the provisions of C. S., 1743, to the extent of the usurious charge of interest on the notes cannot be maintained.

CIVIL ACTION, before *Moore, Special Judge,* at October Term, 1928, of GUILFORD.

Plaintiffs allege that on 15 August, 1927, they borrowed from the defendant bank the sum of $1,700, but that said defendant required

them to execute sixty notes in the sum of $42.50 each, payable on the first day of each month until the entire sum had been discharged; that in order to secure the payment of said notes plaintiffs executed and delivered to the individual defendants a deed of trust upon certain land in Guilford County. Plaintiffs further allege that they had paid twelve monthly installments of $42.50 each, and that the transaction was usurious in that the sum of $658.18 represented money in excess of the legal rate and the penalty allowed by law. Plaintiffs demand judgment "that the sum of $658.18 of the aforesaid deed of trust and notes be adjudged to be usurious and void; that the same be declared a cloud upon the title of plaintiffs and be canceled and removed; that the amount which is due upon said notes and deed of trust be adjudged to be $1,190, payable monthly at the rate of $42.50 per month, without interest," etc.

The defendants demurred to the complaint upon several grounds, and in particular that the complaint did not state a cause of action for removing the cloud upon the title of plaintiffs.

The trial judge sustained the demurrer, and the plaintiffs appealed.

*Thomas J. Hill for plaintiffs.*
*Shuping & Hampton for defendants.*

BROGDEN, J. If a note secured by a mortgage or deed of trust is tainted with usury, can the makers thereof have the usurious element adjudged a cloud upon the title and removed under the provisions of C. S., 1743?

The remedy prescribed by law for usurious transactions is thus stated in *Ripple v. Mortgage Corp.*, 193 N. C., 422, 137 S. E., 156. "In North Carolina the penalty, as prescribed by statute, for taking, receiving, reserving, or charging for the use of money a sum in excess of interest at the legal rate is forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid. The forfeiture will be enforced against the usurer, when he seeks to recover upon the usurious contract or transaction. His debt will be stripped of all its interest-bearing quality, and he will be permitted to recover only the principal sum loaned. If a sum in excess of interest at the legal rate has not only been charged by the lender, but has also been paid by the borrower for the use of money, then the person, or his legal representative, or the corporation by whom the same has been paid, may recover twice the amount paid in an action in the nature of action for debt." C. S., 2306.

It is manifest that the note is not a cloud upon title. The cloud, if any, is formed by the mortgage or deed of trust. It was formerly held in *Glisson v. Newton*, 2 N. C., 336, that a bond tainted with usury was

utterly void "as is also every security or assurance founded upon it."
But the statute in force in 1796 when the decision was rendered, con-
tained express provision to that effect. *Shober v. Hauser*, 20 N. C., 222.

In construing the present statute upon the subject of usury it has
been held that the usury complained of did not affect or impair the obli-
gation and validity of the mortgage or deed of trust securing the note.
Thus, in *Spivey v. Grant*, 96 N. C., 214, 2 S. E., 45, the Court declared:
"Nor can the change in the rate of interest, assented to by him, made
in the deed, impair its force as to him. Had it remained, it would have
only affected the obligation to the extent of the interest, not the con-
veyance as a valid act." To the same effect is the utterance in *Rogers v.
Booker*, 184 N. C., 183, 113 S. E., 671. "The usury did not impair the
validity of the mortgage, and only forfeits the interest."

Plaintiffs do not contend that the deed of trust is entirely invalid, but
that it is partially so. C. S., 1743, does not apply to such a fact situa-
tion. The statute was intended to remove clouds not merely to determine
their size.

Affirmed.