J. R. CLARK, Trading as J. R. CLARK MOTOR COMPANY, v. HOOD SYSTEM INDUSTRIAL BANK OF REIDSVILLE, NORTH CAROLINA.

(Filed 15 April, 1931.)

**Usury C a—Complaint in this action to recover statutory penalty for usury held insufficient and demurrer was properly allowed.**

A complaint in an action to recover twice the amount of an usurious rate of interest is demurrable if there is no allegation that such interest had been actually paid, and in this case held that allegations that defendant charged and received usury on a note discounted by plaintiff with defendant is insufficient to sustain the action for the statutory penalty.

APPEAL by plaintiff from *Finley, J.,* at November Term, 1930, of ROCKINGHAM. Affirmed.

This is an action to recover the statutory penalty for usury paid by plaintiff to defendant, to wit, twice the amount of interest paid on loans of money made by defendant to plaintiff.

The action was heard on defendant's demurrer to the complaint, for that the facts stated therein are not sufficient to constitute a cause of action.

From judgment sustaining the demurrer, and allowing plaintiff time within which to amend his complaint, plaintiff appealed to the Supreme Court.

*P. T. Stiers for plaintiff.*
*Manly, Hendren & Womble and Brown & Trotter for defendant.*

PER CURIAM. In the absence of allegations in the complaint that plaintiff paid to defendant as interest on loans of money made by defendant to plaintiff, sums in excess of six per centum per annum, the demurrer of defendant to the complaint was properly sustained. Allegations that defendant charged and received usury, on notes discounted by plaintiff with defendant, are not sufficient to constitute a cause of action on which plaintiff is entitled to recover the statutory penalty for usury paid by plaintiff to defendant. Nor are allegations that defendant charged plaintiff interest in excess of six per cent on loans of money made by defendant to plaintiff, sufficient, without the further allegation that plaintiff has paid to defendant such interest.

The statutory penalty for charging usury is the forfeiture of all interest on the loan; it is only when the borrower has paid usury to the lender of money, that he can recover in a civil action as the statutory penalty for taking and receiving usury, twice the amount paid. C. S., 2306. *McNeill v. Suggs,* 199 N. C., 477, 154 S. E., 720; *Briggs v.*

*Bank,* 197 N. C., 120, 147 S. E., 815; *McKinney v. Sutphin,* 196 N. C., 318, 145 S. E., 621; *Pratt v. Mortgage Co.,* 196 N. C., 294, 145 S. E., 396; *Ripple v. Mortgage Co.,* 193 N. C., 422, 137 S. E., 156; *Sloan v. Insurance Co.,* 189 N. C., 690, 128 S. E., 2; *Miller v. Dunn,* 188 N. C., 397, 124 S. E., 746; *Waters v. Garris,* 188 N. C., 305, 124 S. E., 334.

It is significant that in the instant case plaintiff did not amend his complaint as he was allowed to do by the judgment, and thus cure the specific defect therein to which his attention was directed by the demurrer. The judgment is

Affirmed.