Civil action (1) for usury, and (2) for an accounting.
Plaintiffs being indebted to the defendant bank in the sum of $15,000, evidenced by note, dated 29 March, 1928, bring this action to recover as an off-set, to be credited on said note, usury alleged to have been paid on other indebtedness, but the amounts and times of payment are not specified; and for an accounting for lands alleged to have been turned over to the defendant bank for sale for the joint account of plaintiffs and defendant.
The court held that the allegations of usury were not sufficiently definite to state a cause of action, and, on motion of defendant, struck the same from the complaint. Exception.
The evidence pertaining to the second cause of action, to wit, for an accounting, relates to 310 acres of land, known as Forest Heights or the Mull Lands, upon which the North Carolina Joint Stock Land Bank held a first deed of trust and the defendant bank a junior lien. The first deed of trust was foreclosed in December, 1927, and the land bought in by the Land Bank.
Plaintiffs thereafter "contemplated attacking said foreclosure," when it was agreed defendant bank would acquire said Mull Lands by paying off the Land Bank, sell the property within a reasonable time and give plaintiffs the benefit of any surplus realized after reimbursing itself for whatever amount was paid to the said Land Bank.
Plaintiff further testified the defendant bank "either directly or indirectly acquired said Mull Lands from the Land Bank and sold a part at auction," but the amount realized was not known. Nor did it appear as to how much the defendant bank paid for said lands.
At the close of plaintiffs' evidence, there was a judgment of nonsuit on the second cause of action.
Judgment on counterclaim for amount of note, with interest.
Plaintiffs appeal, assigning errors. *Page 359 
The allegations of usury are fatally defective, and, for this reason, were properly stricken out. No cause of action has been stated in this respect. Clark v. Bank, 200 N.C. 635, 158 S.E. 96; Bank v. Wysong,177 N.C. 380, 99 S.E. 199.
Nor does it appear that the plaintiffs are entitled to an accounting on the second cause of action. Their interest in the Mull lands had been foreclosed at the time they were taken over by the defendant bank, and it is not alleged or shown that plaintiffs paid anything for said agreement or towards the repurchase of said lands. The foreclosure was never attacked as contemplated by plaintiffs.
From a careful perusal of the record, we are unable to discover any reversible error.
Affirmed.