## AYERS v. MAKELY.

(Filed September 23, 1902.)

1. APPEAL—*Pleadings—Amendment—Presumptions.*

　The presumption that a refusal to allow an amendment to pleadings was made in the discretion of the court, is rebutted by the statement of the trial judge to the contrary in the case on appeal.

2. CONTRACTS—*Vendor and Vendee—Mortgages.*

　An agreement, in an executory contract for the purchase of land, that payments should be applied on a mortgage held by a third party, until it was reduced to a specified sum, was not an assumption by the vendee of the mortgage debt.

3. APPEAL—*Premature—Amendment—Pleadings.*

　An appeal from an order refusing an amendment to pleadings is premature. An exception should be noted and the case proceeded with.

ACTION by S. B. Ayers and others against M. Makely, heard by Judge *George A. Jones,* at Fall Term, 1901, of the Superior Court of BEAUFORT County.

In July, 1893, W. H. Wahab and George Credle, being then the owners of a certain tract of land in Hyde County, known as the "Donnell farm," entered into a written contract and agreement to sell and convey the same to Stephen B. Ayers for the price of $40,000; $5,000 of the purchase-money was to be paid in November, 1894, and $5,000 on the first of November in each subsequent year, with interest on all unpaid sums, payable annually, until the whole purchase-money should be paid. Makely, the defendant in this action, was a party to the contract. At the time of its execution, he held a mortgage on the tract of land, and agreed to purchase another incumbrance on the same held by James A. Bryan, trustee of Miss Donnell, both incumbrances aggregating about $25,000. It was further agreed in the contract that the payments to be made by Ayers were to be applied to the pay-

ment of the incumbrances, until the principal of the incumbrances and interest thereon should be reduced to $10,000. When that should be done, then Wahab and Credle, and their respective wives, were to execute and deliver to Ayers a good deed in fee to the land, and Ayers, at the same time was to execute and deliver his notes to Makely, secured by a mortgage upon the premises for the $10,000, in two payments of $5,000 each, to be a first lien on the land. Ayers was also to execute his notes to Wahab and Credle for the balance of the purchase-money, to be secured by a mortgage on the premises. It was also agreed that in case of default in any of the payments, then, at the option of Ayers and Credle and Makely, the contract should be null and void, and the total amounts unpaid should be considered due and payable at once. Also, Ayers was to furnish to Makely, at the time of the execution and delivery of the contract, a bond satisfactory to Makely in the sum of $10,000, guaranteeing the first two payments provided for by this contract. Under the said contract, Ayers went into possession and control of the land on the 1st day of November, 1893, the rents and profits for that year, however, to belong to Wahab and Credle. Differences and controversies having arisen between Ayers and Wahab and Credle, the last two, with Makely, instituted an action of ejectment in the Superior Court of Hyde County against Ayers, and demanded possession of the land. Ayers filed his answer in that suit, and gave the bond as required by law in the sum of $200, with sureties. Under an order of the Superior Court made in the cause, Ayers was required to give an additional bond in the sum of $5,000, to secure the rents, costs and damages that might be sustained by the plaintiff. The bond was given with sureties.

While the action of ejectment was pending against Ayers, the plaintiffs in the action, Makely, Wahab and Credle, entered into an agreement among themselves whereby Makely

instituted an independent action against Wahab and Credle
in the Superior Court of Hyde County for the foreclosure of
the mortgage held by Makely upon the land, and the part of
the notes or bonds owned by Makely and secured by the deed
of trust to James A. Bryan. Ayers was not a party to the
agreement, and was not a party to the action of foreclosure.
By the terms of the agreement between Makely on the one
part and Wahab and Credle on the other, it was stipulated
and provided that at any sale under the foreclosure decree in
the cause, Makely would bid for the land, or cause to be bid
therefor, such sum as would discharge the indebtedness due
him as aforesaid by Wahab and Credle, or if he failed to do
so, and bought the land himself at any less price, that he
would cancel and satisfy the balance of his judgment upon
his debts aforesaid. Under his contract and agreement with
Wahab and Credle as aforesaid, the land was sold by Makely
through a commissioner appointed by the Court on the 11th
day of May, 1896, and was purchased by him for $15,500,
and the residue of said judgment due Makely, after crediting
the amount brought by the sale of the land, was cancelled by
him under his agreement aforesaid. Ayers, notwithstand-
ing the foreclosure and sale, continued to remain in posses-
sion of the premises. Pending the said action of ejectment,
Henry W. Wahab died intestate, and his personal representa-
tive and heirs at law were made parties-plaintiff with Makely
and Credle therein. A judgment was recovered in said ac-
tion of ejectment against Ayers and his sureties, and in favor
of George Credle, as surviving partner of Wahab and Credle,
for the penal sums of the aforesaid bonds, to be discharged
upon the payment of $3,200, with interest thereon from Jan-
uary 1, 1896, being for the rents and profits of said land for
the year 1895, and for the further sum of $464.65 costs. A
large amount has been paid by some of the sureties of Ayers
on the judgment recovered against them in the suit of eject-
ment. The defendant appealed from the judgment rendered.

*Chas. F. Warren,* for the plaintiff.
*Rodman & Rodman,* and *Geo. W. Ward,* for the defendant.

MONTGOMERY, J. (after stating the facts).     The plaintiffs in this action are Ayers and the sureties on his bond in the ejectment suit.     In the complaint they allege that during the pendency of the action of ejectment, Ayers was not ejected by process of law, but that he voluntarily surrendered possession of the premises to Makely on Makely's express promise to Ayers and his sureties that they should not be held responsible for the rents and profits growing out of the land while Ayers was in the possession thereof, and that he would hold Ayers and his sureties harmless against any demand that might be made on them for the rents and profits by Wahab and Credle.     And this action is brought to recover from Makely the amount which the sureties have had to pay, and will have to pay, because of the recovery against them on the bonds in the ejectment suit.

The defendant, in his answer, denied the cause of action alleged in the complaint.     At the Fall Term, 1901, of Hyde Superior Court, he moved to amend his answer and to plead counter-claims and set-off.     The counter-claim which the defendant desired to plead was in substance that Ayers was the principal in the bonds filed in the ejectment suit, and that the other plaintiffs were sureties, and that Ayers owed him $5,359.44, that amount being the difference between the amount of Makely's incumbrance on the land and the amount at which he bought the land at the commissioner's sale, and that Ayers had assumed the payment of the incumbrances.

The motion to amend the answer and set up the counter-claim was denied, the order being silent as to the ground of refusal.     The plaintiff contends that there can be no appeal at any time from the refusal to allow the answer to be filed,

for the reason that such matter was entirely discretionary with the Court, and the order being silent as to the ground of refusal, the conclusion is that it was denied as a matter of discretion. But in making up the case on appeal, his Honor stated that he did not refuse to allow the amendment as a matter of discretion, but on the ground that the offered counter-claim did not amount to a counter-claim in law. The presumption in law that the order was made in the discretion of the Court was rebutted by the statement of his Honor to the contrary in the case made up for this Court.

The appeal was premature, but as the whole matter in dispute came out on the argument here, it may be best for all (the Court included) to pass upon the ruling made by his Honor that the claim of the defendant did not amount to a counter-claim in law. We see no error in the ruling. It was argued here by the counsel of the defendant that the legal effect of the contract of sale was to make Ayers the principal debtor, as between himself and Wahab and Credle, as to the debts due by Wahab and Credle to Makely, and that that position was brought about by the assumption by Ayers to pay those debts for Wahab and Credle. On that proposition it was insisted that the release of Wahab and Credle from their indebtedness to Makely was only a release of the sureties, and not a release of Ayers, the principal. But from our reading of the contract, we do not find that there was any assumption, on the part of Ayers, of the debts of Wahab and Credle to Makely. The relations of the parties to that contract were not changed by its execution. The most that could be said is that Ayers bound himself to see that particular payments on the purchase-money should be applied to the claims of Makely. The language of that part of the contract is as follows: "It is understood by and between the parties hereto that the payments above mentioned to be made by said third party (Ayers) shall be applied to the payment of those

incumbrances held by said second party (Makely), until the principal of said incumbrances and interest thereon has been reduced to the sum of ten thousand dollars."

We are of the opinion, therefore, that when, at the time of his purchase of the land at the commissioner's sale, Makely released and discharged Wahab and Credle, the principal debtors, from the payment of the incumbrances, Ayers was also released. The appeal, however, was erroneously granted, because it was premature. Exception should have been noted and the case proceeded with. *Milling Co. v. Finlay,* 110 N. C., 411; *Walker v. Scott,* 106 N. C., 56.

Appeal Dismissed.