E. F. McKINNEY v. S. J. SUTPHIN, MRS. S. J. SUTPHIN and U. G. BELTON, Interpleader.

(Filed 28 November, 1928.)

**1. Mortgages—Foreclosure by Action—Disposition of Surplus.**

The mortgagor of lands before foreclosure may sell and convey by deed his right of equity of redemption to another upon agreement that the purchaser assume the payment of the mortgage lien, and thereafter when the lands are foreclosed the purchaser is entitled to the surplus remaining as against his vendor.

**2. Same—Purchaser of the Equity of Redemption.**

Where the mortgagor has conveyed his equity of redemption, upon a later foreclosure, the surplus does not belong to the mortgagor, but to the grantee in the deed conveying his equity of redemption, the surplus representing the value of the equity conveyed, and where the purchaser of the equity alleges these facts, the mortgagor's demurrer to his plea is bad.

**3. Evidence—Burden of Proof—Interveners.**

   The intervener in an action becomes the actor therein and has the burden of establishing his rights set up by him.

APPEAL by U. G. Belton, intervener, from *McRae, Special Judge,* at March Term, 1928, of SURRY. Reversed.

This was an action brought on 18 April, 1925, by E. F. McKinney against Mr. and Mrs. S. J. Sutphin. The plaintiff contended that the defendants were indebted to him on account of usurious interest charged and paid, $360, and the penalty under the statute, totaling $720. The cause of action grew out of a loan of $1,000 made by Mrs. S. J. Sutphin to E. F. McKinney. The note representing the loan was secured by deed of trust from E. F. McKinney and wife to T. G. Fawcett, trustee for Mrs. S. J. Sutphin, on certain real estate. The deed of trust was foreclosed and plaintiff attached the surplus fund of $240 balance after paying the note before mentioned and interest, to pay the alleged usurious $360 interest and penalty.

U. G. Belton filed interplea as hereinafter set forth. After first having filed a written reply to the interplea, the plaintiff, E. F. McKinney, entered a demurrer *ore tenus* to the interplea, which demurrer the court sustained and entered judgment. From this judgment the intervener, U. G. Belton, having excepted to the court's ruling and judgment sustaining plaintiff's demurrer, excepted, assigned error and appealed to the Supreme Court.

Other material facts will be set forth in the opinion.

The plea of the intervener, U. G. Belton, is as follows:

"U. G. Belton comes into court and files the following interplea, and says:

"1. That on or about 1 February, 1925, E. F. McKinney (it is admitted his wife joined in the deed) conveyed to the plaintiff (U. G. Belton, intervener) the lands described in the pleadings in this cause, to wit, that certain lot or parcel of land situated in the town of Mount Airy on the north side of Franklin Street and described in deed of trust executed to E. F. McKinney and wife to T. G. Fawcett, trustee for Mrs. S. J. Sutphin (erroneously named Mrs. J. S. Sutphin).

"2. That in the conveyance made and by agreement between the said E. F. McKinney and interpleader, U. G. Belton assumed the payment of the actual amount due on deed of trust executed by the said E. F. McKinney and wife to T. G. Fawcett, trustee for S. J. Sutphin, and Mrs. S. J. Sutphin, which, as interpleader is informed and believes, and as was represented to him, was one thousand dollars with interest from 1 February, 1925.

"3. That interpleader tendered to T. G. Fawcett, trustee, and president of the First National Bank, one thousand dollars and interest from

1 February, 1925, and demanded the surrender of the said deed of trust, but pursuant to the direction of the said S. J. Sutphin and Mrs. S. J. Sutphin, the said T. G. Fawcett, trustee and president of the bank aforesaid, acting for the said S. J. Sutphin and Mrs. S. J. Sutphin, declined to accept the one thousand dollars with interest, but demanded $1,147 or thereabout, and refusing to accept the tender made and which amount was the amount assumed by interpleader. The trustee, at the direction of S. J. Sutphin and Mrs. S. J. Sutphin advertised the aforesaid lands mentioned in said deed of trust and sold the same, when and where J. H. Folger became the last and highest bidder at the sum of twelve hundred and sixty dollars ($1,260), and that the said J. H. Folger transferred his right to U. G. Belton; that there is now in the hands of the trustee two hundred and forty dollars ($240) to which this interpleader alleges he is entitled, having tendered and then paid the amount actually due on the deed of trust; and that this interpleader is entitled to the said moneys, he having obtained through the conveyance made by E. F. McKinney and wife to interpleader the equity of redemption and right of redemption, and the right to all the moneys over and above the amount with interest from 1 February, 1925, and that said two hundred forty dollars is the property of the interpleader."

*W. F. Carter for plaintiff.*
*Folger & Folger for U. G. Belton.*

CLARKSON, J. The sole question involved in this appeal: Does the intervener, U. G. Belton, allege facts sufficient to entitle him to the surplus in the hands of the trustee? We think so.

The intervener's plea sets forth: (1) On or about 1 February, 1925, E. F. McKinney and wife conveyed to U. G. Belton a certain tract of land, describing it. (2) That in the conveyance made and by agreement between E. F. McKinney and U. G. Belton, the said Belton assumed the payment of $1,000 and interest from 1 February, 1925, the actual amount due on a deed of trust on the same land made by E. F. McKinney and wife to T. G. Fawcett, trustee, for Mr. and Mrs. S. J. Sutphin. (3) U. G. Belton tendered payment of the $1,000, and interest from 1 February, 1925, which the trustee and the Sutphins declined to accept. (4) Under the direction of the Sutphins, the trustee sold the land and it brought $1,260. (5) There is now in the hands of the trustee $240 balance over and above the $1,000 and interest paid on the note, which U. G. Belton claims he is entitled to, as he purchased from E. F. McKinney the equity of redemption and right of redemption.

The plaintiff, E. F. McKinney, claims certain amounts far in excess of the $240 due for usurious interest charged and paid by him to the Sutphins and sues them for it and the penalty under C. S., 2306, and attached the $240, the surplus over and above the note of $1,000 and interest secured by deed of trust made by the said McKinney to secure the Sutphins, now in the hands of the trustee. The deed from E. F. McKinney to the intervener, U. G. Belton, was made on or about 1 February, 1925, and the action for the fund in controversy was instituted 18 April, 1925. The intervener's plea was filed in the action 13 June, 1925.

19 R. C. L. (Mortgages), p. 367, sec. 136, in part is as follows: "It is axiomatic that a mortgagor, until he has been divested of his interest in the property mortgaged by foreclosure and sale, generally has a substantial estate in the property, whether it be termed a right of redemption, an equity of redemption, or a full legal title, which he can dispose of subject to the mortgage."

The intervener had a right to file his plea in the action under C. S., 829-840; 2 R. C. L., 881. As to his other remedies, see *Flowers v. Spears,* 190 N. C., 747.

The intervener becomes the actor and the burden of the issue is on the intervener. *Sitterson v. Speller,* 190 N. C., 192; *Lockhart v. Ins. Co.,* 193 N. C., 8; *Sugg v. Engine Co.,* 193 N. C., 814. When E. F. McKinney and wife deeded the land to U. G. Belton, and in the conveyance made and by agreement Belton assumed the $1,000 note and interest from 1 February, 1925, Belton became the principal debtor for the amount assumed. *Parlier v. Miller,* 186 N. C., 501. Out of the sale of the land the debt was paid and the surplus belonged to Belton, who owned the equity of redemption. McKinney, by his deed of the equity of redemption and agreement, is estopped to claim the surplus.

McKinney's action for usury and the penalty was one against the Sutphins. He could not attach the fund under his conveyance and agreement, as the surplus over the lien debt belonged to Belton. McKinney deeded his equity of redemption in the land to Belton, and the surplus was the equity in the land, and, under the deed, belonged to Belton. See *Erwin v. Morris,* 137 N. C., p. 48; *Elliott v. Brady,* 172 N. C., p. 828.

In *Waters v. Garris,* 188 N. C., at p. 309-10, it is said: "From an examination of the above section (C. S., 2306), it will be seen that two remedies are provided for the enforcement of the penalties authorized by the statute: 1. Where a greater rate of interest than six per centum per annum has been paid, the person or his legal representatives or the corporation by whom it has been paid, may recover back twice the amount of interest paid, in an action at law in the nature of an action

21—196

for debt. *Bank v. Wysong*, 177 N. C., 390. 2. In any action brought by the creditor to recover upon any usurious note or other evidence of debt affected with usury, it is lawful for the party against whom the action is brought to plead as a counterclaim or set-off the penalties provided by the statute, to wit, twice the amount of interest paid, and also the forfeiture of the entire interest charged. But see *Miller v. Dunn, post* (188), p. 397." *Ripple v. Mortgage Corp.*, 193 N. C., 422; *Pratt v. Mortgage Co., ante*, 294.

The plaintiff demurred *ore tenus* to the plea of the intervener Belton. It is well settled that the demurrer of plaintiff admits all the material allegations of the plea of the intervener. The judgment of the court below sustaining the demurrer is

Reversed.