### C. F. HARVEY v. KINSTON KNITTING COMPANY et al.

#### (Filed 8 May, 1929.)

**1. Mortgages F b—Purchaser of equity of redemption does not assume the indebtedness in absence of agreement in deed.**

> The grantee in a deed to lands subject to an existing mortgage recited therein does not personally assume the mortgage indebtedness by accepting the deed unless the language thereof clearly imports that he does so.

**2. Same—Purchaser of equity of redemption is entitled to have notes in the hands of mortgagee applied to mortgage debt for which they were given.**

> Where the owner mortgages his property and later agrees with the mortgagee that a part of the mortgaged premises be released from the mortgage and sold partly for cash with notes for the balance taken and secured by a mortgage from the purchaser of the released part, and that the original mortgagee hold the notes and mortgage on the released part as security for the original mortgage debt, the execution of the original mortgage is in itself an application of the mortgaged premises to the security of the debt and includes the substitution in part therefor of the mortgage of the released part, and the original mortgagor is entitled to have the proceeds of the notes, as they are paid, applied to his debt, and the purchaser of the original equity of redemption is subrogated to the right of the mortgagor in this respect.

**3. Same—Right of purchaser of equity of redemption as against creditors of insolvent mortgagor.**

> Where the mortgagor, under agreement with the mortgagee, sells a part of the premises mortgaged for a cash payment and notes for the balance secured by a mortgage from the purchaser, and the original mortgagee holds such notes as security for the original debt, and thereafter a receiver is appointed for the original mortgagor, who sells the property at judicial sale under order of court, the purchaser at the judicial sale, not assuming the amount of the original mortgage in his deed, is subrogated to the rights of the original mortgagor and is entitled to have the proceeds of the notes applied to the original mortgage as they are paid as against the other creditors of the insolvent mortgagor.

**4. Estoppel B a—Party may not take position inconsistent with that taken originally in same action.**

Where the purchaser of lands at a judicial sale insists on confirmation and appeals from an adverse judgment, he may not thereafter maintain the inconsistent position on another appeal in the same case that the sale should not be confirmed.

CIVIL ACTION, before *Cranmer, J.,* at February Term, 1928, of LENOIR.

Certain phases of this case were considered by this Court in *Harvey v. Knitting Co.,* 194 N. C., 734, 140 S. E., 746, and *Harvey v. Oettinger,* 194 N. C., 483, 140 S. E., 86.

The Orion Knitting Mills issued bonds in the sum of $150,000 on 1 May, 1922, and to secure the payment thereof executed and delivered to the Virginia Trust Company a mortgage or deed of trust on all of its property consisting of real estate, machinery, etc. These bonds were endorsed by the directors of the mortgagor, C. F. Harvey, the plaintiff, and the individual defendants in this action. Some of said directors and endorsers, as aforesaid, were dead at the commencement of this action and their personal representatives were duly made parties.

Thereafter the defendant, Kinston Knitting Company, was duly organized in 1925, and this corporation became the owner of the real and personal property of the mortgagor, Orion Knitting Mills, under a contract or agreement to assume and pay off the balance due on the bonds issued by the Orion Knitting Company and secured by said deed of trust. Thereupon the Orion Knitting Mills was duly dissolved. The real estate embraced in said mortgage or deed of trust was located in Lenoir and Carteret counties.

This action was instituted by plaintiff Harvey against the Kinston Knitting Mills and the individual defendants, alleging that said corporation was insolvent and asking for the appointment of a receiver, and a receiver was appointed on 31 March, 1927. Prior to the commencement of this action the company had sold to C. E. Raynor twenty-six tenement houses covered by the lien of Virginia Trust Company for $20,000, said purchase price consisting of $1,000 in cash and notes aggregating $19,000, secured by deed of trust upon the property. These Raynor notes were endorsed by the defendant, Kinston Knitting Company, and were delivered to the lienholder, Virginia Trust Company. Whereupon, the Virginia Trust Company released the property purchased by Raynor from the operation of said deed of trust. After applying the cash proceeds derived from sales of portions of the mortgaged property, as aforesaid, there was a balance due the Virginia Trust Company of approximately $90,000, with some accrued interest. Subsequently Judge Sinclair entered an order of sale of all the property of the

defendant, Kinston Knitting Company, including, of course, the land covered by the deed of trust of the Virginia Trust Company. The order of sale directed that the property should be offered free of lien, and also "subject to the lien held by the Virginia Trust Company, trustee, so that the purchaser thereof shall take the said property burdened with and subject to the said lien aforementioned." Pursuant to said order of sale the receiver advertised for sale the property in Carteret County on 18 July, 1927, and the property in Lenoir County was to be sold on 19 July, 1927. The advertisement followed the language of the order of sale, reciting that if said property had been sold freed from lien "the same said property will immediately be offered for sale subject to the lien held under the deed of trust of the Virginia Trust Company, so that the purchaser thereof will purchase and take the property subject to the said lien held by the Virginia Trust Company." The report of sale duly made by the receivers was filed on 19 July, 1927, reciting that "the receivers further made a true and accurate statement of the status as to the indebtedness secured by the lien under the deed of trust to the Virginia Trust Company." In addition to the advertisement the receivers announced that the total indebtedness due the Virginia Trust Company as of 1 May, 1927, was $92,700. Announcement was also made at the sale that the Raynor notes and the cash payment of $1,000 made by him had been forwarded to the Virginia Trust Company.

The real estate in Carteret County, covered by said deed of trust was purchased by the plaintiff, C. F. Harvey, "subject to and burdened by the said lien," for the sum of $100, and the real estate in Lenoir County, covered by said deed of trust, was also purchased by Harvey for $300, "subject to the lien held by the Virginia Trust Company."

Thereafter, the defendants, H. E. Moseley, L. L. Oettinger, F. C. Dunn, Myrtie A. Tull, executrix, Lundsford Abbott, administrator, and Lillie T. Oettinger, executrix, filed exceptions to the confirmation of said sale, alleging that the price offered for said property was inadequate, and that Harvey, having purchased the Carteret County property for $100.00 "subject to and burdened with the indebtedness due to the Virginia Trust Company . . . in law . . . by virtue of his said bid . . . thereupon assumed as a part of his bid and agreed to pay off the secured indebtedness to the Virginia Trust Company," and that the Virginia Trust Company had in its possession $21,000 which ought not to be applied to the reduction of its indebtedness to the detriment of unsecured creditors. The objections to confirmation so filed stated in conclusion: "If the court be of the opinion that the bid placed by C. F. Harvey for the property at Beaufort (Carteret County) does not amount in law to an assumption of the

mortgage indebtedness, that then the whole sale of both the properties at Beaufort and Kinston be not confirmed."

Hearing was had upon the exceptions by Judge Cranmer at Kenansville, 7 September, 1927. At this hearing the judge found the following facts:

"1. That the sale was in all respects regular, fair and in accordance with the requirements by the court.

"2. That the bid or bids of the purchaser, C. F. Harvey, . . . is a fair and reasonable price for the said property purchased in accordance with the terms of sale.

"3. Full and specific announcement was also made before the sale of the true status of liens held by the Virginia Trust Company." Thereupon the receivers were "authorized, empowered and directed to execute and deliver unto the said purchaser, C. F. Harvey, a deed in fee simple subject to the lien held by the Virginia Trust Company."

The objectors appealed from said decree of confirmation and this appeal was considered by the Court in 194 N. C., 734.

After the decision of the Supreme Court the receivers tendered deed to Harvey and demanded the purchase money in accordance with the terms of the sale. Harvey declined to accept the deed upon the ground that announcement had been made at the sale by the receivers "that the successful bidder for the equity of redemption of the Kinston Knitting Company would get the benefit of the proceeds of the Raynor notes and of certain personal property sold by the receivers because such proceeds would be credited upon the mortgage indebtedness of $91,200. Furthermore, the purchaser contended that by reason of the delay the property had greatly depreciated in value and that it would be equitable to require him to comply with the terms of the sale and pay the purchase money. The rule to show cause was served upon the purchaser, and the matter came on for hearing before Cranmer, J., at the February Term, 1928.

The court rendered the following judgment: "This cause coming on to be heard upon an instanter rule directed to C. F. Harvey to show cause why he should not be required to accept a deed to the property heretofore sold by the receivers at public auction on 18 and 19 July, 1927, respectively, and to pay to the receivers therefor the sum of $400.00, his bid therefor; and the said C. F. Harvey having filed an answer to said rule, and also having submitted an additional affidavit of F. M. Taylor, as well as the affidavits of C. F. Harvey, C. Oettinger, L. J. Mewborn, G. V. Cowper, S. D. Ford and E. M. Long, filed in this cause 20 February, 1928, and upon a consideration thereof the court finds the following facts:

One: That the said property was offered for sale at public auction on said dates, and had been advertised by the posting and publishing of notices, in writing, in which it was stated that the Virginia Trust Company lien indebtedness was $91,200 and unpaid interest, and such other statements were made therein as appears from a copy thereof attached to the report of the receivers filed herein reporting said sale, as well as certain announcements all of which ·are referred to and made a part hereof.

Two: That at said sale, certain announcements were made and relied on by the purchaser, and the court finds that the statements contained in the affidavits hereinbefore filed in this court on 20 February, 1928, which affidavits were made by C. F. Harvey, G. V. Cowper, L. J. Mewborn, C. Oettinger, S. D. Ford, and E. M. Long, which affidavits, having been heretofore filed, were again filed and used on this hearing, together with the additional affidavit of F. M. Taylor, this day filed, are true, and that the answer of said C. F. Harvey is true.

Now, therefore, upon said answer, said affidavits, and the record herein, the court concludes as a matter of law that it has no power to relieve said purchaser of his said bid, for that, notwithstanding whatever the purchaser may have thought the terms of the bid were, and notwithstanding any announcement made at the sale, the terms of the bid as construed by this court were and are that the said C. F. Harvey purchased an equity of redemption of the Kinston Knitting Company, for the sum of $400.00, which said equity of redemption was subject to a lien in favor of the Virginia Trust Company, trustee, for $91,200 and interest, and that the said C. F. Harvey, in order to perfect title to said property, and clear the same from lien, would be compelled to pay to the Virginia Trust Company, trustee, on account of the lien credited by its deed of trust, the sum of $91,200, and interest, and that any sum of money, or any securities in the hands of the Virginia Trust Company, derived from sale of property made prior to 18 July, 1927, must by the Virginia Trust Company be paid and turned over to the receivers herein, upon the payment, if made, by C. F. Harvey, of the said sum of $91,200, and interest.

"Wherefore, it is ordered that the said C. F. Harvey pay to the said receivers the said sum of $400.00, together with the cost of this rule as taxed by the clerk of this court."

From the foregoing judgment Harvey appealed, assigning error.

*H. G. Connor and L. R. Varser for C. F. Harvey.*
*E. M. Long for Virginia Trust ·Company.*
*Thomas J. White, Jr., R. A. Whitaker and R. T. Allen for receivers.*
*Rouse & Rouse for creditors and individual defendants.*

BROGDEN, J. 1. Does the purchase of an equity of redemption at a judicial sale "subject to and burdened with the lien" of mortgage or deed of trust, constitute an assumption by the purchaser of the indebtedness secured by such lien and imply a promise to pay the same?

2. If not, what is the status of said purchaser of said equity of redemption with reference to the proceeds in the custody of the lienholder derived solely from a prior sale of a portion of the mortgaged premises?

The law answers the first question in the negative. The Supreme Court of California, in the case of *Fontana Land Co. v. Laughlin,* 250 Pac., 669, declared: "The greater weight of authority and the better reasoning is that, unless the grantee in the deed assumed or agreed to pay the mortgage, or unless the amount of the mortgage was deducted from the purchase price, a purchaser who merely takes subject to the mortgage is not estopped from showing that it has been paid or that the amount claimed is not legally owing upon it."

The same principle is stated in Jones on Mortgages, (7 ed.), Vol. 2, sections 748 and 865, as follows: "A deed which is merely made subject to a mortgage specified does not alone render the grantee personally liable for the mortgage debt; to create such liability there must be language which clearly imports that the grantee assumes the obligation of paying the debt." *Crawford v. Nimmons,* 54 N. E., 209; *Brunswick Realty Co. v. University Co.,* 134 Pac., 608; *Metropolitan Bank v. Dispatch Co.,* 149 U. S., 436, 37 Law Ed., 799; *Capital National Bank v. Holmes,* 95 Pac., 314, 16 L. R. A. (N. S.), 470. An imposing list of authorities to sustain the proposition appears in the case of *Allgood v. Spearman,* 101 S. E., 193, and also in a comprehensive note upon the subject found in L. R. A. 1917 C., 592. See, also, *Ayers v. Makely,* 131 N. C., 60, 42 S. E., 454.

The answer to the second question requires a brief review of the pertinent facts. Prior to the institution of the receivership action the Virginia Trust Company held a deed of trust upon certain real estate of Kinston Knitting Company. Payments had been made from time to time upon the indebtedness, reducing it to around $90,000 exclusive of accrued interest. The Kinston Knitting Company conveyed a small portion of the mortgaged property to C. E. Raynor for the sum of $20,000. Raynor paid $1,000 in cash and executed notes evidencing the deferred payments, which said notes were secured by deed of trust upon the property so conveyed. These notes were immediately sent to the lienholder. The cash paid by Raynor was applied by the lienholder to the item of accrued interest on the loan. Thereafter the receivership action was instituted and by consent of all parties certain machinery covered by the mortgage, was sold for cash by the receivers, and the proceeds

delivered to the lienholder, and by it was applied to the indebtedness. The Raynor notes, of course, were not to be applied to the indebtedness until they matured and were paid. On the day of the sale there was approximately $91,200 due the Virginia Trust Company and it had in its hands the Raynor notes aggregating approximately $19,000. The trial judge finds as a fact that the receiver, on the day of the sale, announced to bidders that the proceeds of the Raynor notes would be credited on the mortgage indebtedness, and that Harvey, the purchaser at the sale, relied upon such announcement. The vital question, therefore, is: Must the proceeds derived from collection of the Raynor notes, if they are paid, be credited to the mortgage indebtedness, or must said notes be turned over to the receiver to be distributed among the general creditors of the Kinston Knitting Mill?

The execution of the mortgage was in itself an application of all the property embraced in the mortgage to the payment of the debt secured therein. *Bonner v. Styron,* 113 N. C., 30, 18 S. E., 83; *Lee v. Manley,* 154 N. C., 244, 70 S. E., 385. The Raynor notes represented and were a substitute for that portion of the mortgaged premises theretofore sold and conveyed before the receivership proceedings. Thus, it would seem apparent that the law, nothing else appearing, applied the proceeds of the Raynor notes to the mortgage debt, irrespective of any announcement of such application by the receiver on the day of the sale. Clearly, the purchaser of an equity of redemption at a public sale is entitled to the property as it exists at that time. Moreover, it has been held by this Court in *Dameron v. Carpenter,* 190 N. C., 595, 130 S. E., 328, that "equity subrogates the purchaser of the equity of redemption to the rights of the mortgagor to clear the title and procure the legal estate only as to the mortgaged premises, and no further." *McKinney v. Sutphin,* 196 N. C., 318. Certainly, in the case at bar the mortgagor would have the right to require the lienholder to apply the proceeds of the Raynor notes, when collected, to the mortgage debt, and when Harvey purchased the equity of redemption he became entitled to the same right. Harvey's contention that he ought not to be required to take and pay for the equity of redemption cannot be sustained. Upon the former appeal the objecting creditors were resisting confirmation and Harvey was requesting the court to confirm the sale, and, therefore, he cannot at this time, in the same case, be permitted to take a contrary position. *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350.

There are certain other questions with respect to the claim filed by Harvey. The judge continued the decision of this matter until the determination of a suit against Harvey, brought by the receiver, in compliance with an order of the court. It is to be assumed that in the final

judgment the equities of all parties will be properly protected, and for this reason we deem it unnecessary to discuss that aspect of the case.

The result is, as we interpret the law, that Harvey is required to accept the deed for the equity of redemption and to pay to the receivers the purchase money in accordance with his bid; and further that the proceeds of the Raynor notes, when and as paid, shall be credited to the mortgage indebtedness by the lienholder.

Modified and affirmed.