**In the Matter of Julius Welch YATES and wife, Linda Louise Wall Yates, Debtors.**

**Julius Welch YATES and Linda Louise Wall Yates, Plaintiffs,**

**v.**

**FIRST–CITIZENS BANK & TRUST COMPANY, Defendant.**

**Bankruptcy No. 80–02826–4.
Adv. No. 81–0004–AP.**

United States Bankruptcy Court,
E. D. North Carolina.

July 10, 1981.

Ernest C. Richardson, III, New Bern, N. C., for debtors.

Michael P. Flanagan, New Bern, N. C., for First-Citizens Bank & Trust Co.

## OPINION AND ORDER

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the complaint filed by the debtors on January 7, 1981, seeking to avoid the defendant's judicial lien.

After considering all the evidence, this court finds the facts to be as follows:

## FINDINGS OF FACT

On March 24, 1978, First-Citizens Bank & Trust Company (hereinafter "First-Citizens") obtained a judgment in the amount of One Hundred Ninety-Four Thousand Six Hundred Fifty-Four and 90/100 Dollars ($194,654.90) against the debtors in Craven County, North Carolina. A transcript of the judgment was docketed in Onslow County, North Carolina, on March 26, 1978.

At that time, the debtors owned real property located in Onslow County. Prior thereto, the debtors had executed a purchase money deed of trust on the real property in favor of The Lomas & Nettleton Company. The deed of trust was recorded on November 1, 1971, in Book 407, page 408, Onslow County Registry.

On November 3, 1978, the debtors conveyed the remainder interest in their real property to Ricky Ottoway and wife, Julianna Yates Ottoway, while retaining a life estate for themselves. The deed was recorded on November 7, 1978, in Book 539, page 771, Onslow County Registry. The deed contains no reference to the deed of trust and the grantees have not expressly assumed it.

On December 10, 1980, the debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The parties have stipulated that the total value of the real property is Forty-Four Thousand and No/100 Dollars ($44,000.00) while the value of the debtors' life estate is Nine Thousand and No/100 Dollars ($9,000.00). The debtors have claimed the entire Nine Thousand and No/100 Dollars ($9,000.00) as exempt pursuant to 11 U.S.C. § 522(d)(1). Approximately Seventeen Thousand Five Hundred and No/100 Dollars ($17,500.00) is due on the deed of trust and more than Fifty Thousand and No/100 Dollars ($50,000.00) is owed on the judgment debt.

## ISSUES

The first issue before the court is whether the debtors can avoid the judicial lien on the real property in which the debtors have a life estate. If the answer is yes, the second issue is whether § 522(f)(1) is constitutional when applied to avoid a judicial lien obtained prior to the enactment date of the Bankruptcy Reform Act of 1978 (hereinafter "Bankruptcy Code").

## CONSIDERATION OF ISSUE

Section 522(f)(1) of the Bankruptcy Code permits the debtor to avoid a judicial lien on property to the extent that the property could have been exempted by the debtor in the absence of the lien. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 362 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787.

■ Under § 522(d)(1), the debtor is entitled to exempt his interest up to Seven Thousand Five Hundred and No/100 Dollars ($7,500.00) in value in real property which he uses as a residence. Property may be exempted even if it is subject to a lien, but only the unencumbered portion of it is used in computing the value. H.R.Rep.No. 95–595, *supra* at 360.

Whether or not the debtors may avoid the judicial lien on their life estate depends on how much of the indebtedness secured by the deed of trust is attributable to the debtors' interest in the property.

 Generally, if property comes to a life tenant subject to a deed of trust, the life tenant is under a duty to pay the annual interest on the debt but is not under a duty to pay the principal. *Miller v. Marriner*, 187 N.C. 449, 121 S.E. 770 (1924).

However, when property on which there is an existing deed of trust is transferred, the grantee takes the property subject to the deed of trust. *McKinney v. Sutphin*, 196 N.C. 318, 145 S.E. 621 (1928). Unless the grantee expressly assumes the deed of trust, only the grantor is personally liable for the debt. *Harvey v. Knitting Co.*, 197 N.C. 177, 148 S.E. 45 (1929).

In the present case, the debtors' life estate did not come to them subject to an existing deed of trust. The debtors executed the deed of trust at a time when they owned the entire fee. They subsequently conveyed a remainder interest to the Ottoways while retaining the life estate. The Ottoways did not assume the deed of trust and there is no reference to it in the deed.

## CONCLUSIONS OF FACT AND LAW

This court concludes that the debtors may not avoid First-Citizens' lien on their life estate. When a life estate is retained by the debtors who, prior to the conveyance creating the life estate, executed a purchase money deed of trust, which was not assumed by the grantees of the remainder interest, the entire outstanding balance secured by the deed of trust is attributable to the debtors' interest in determining the value of their exemption.

Since, in the present case, the outstanding balance secured by the deed of trust is more than the value of the debtors' life estate, First-Citizens' lien does not impair an exemption to which the debtors would be entitled to under § 522(d)(1). Accordingly, it is unnecessary for this court to determine whether § 522(f)(1) is unconstitutional when applied to avoid a judicial lien acquired prior to the enactment date of the Bankruptcy Code; now therefore,

IT IS ORDERED that the complaint filed by the debtors on January 7, 1981, be, and the same hereby is, dismissed.