**In the Matter of LAKEVIEW INVESTMENT GROUP, INC., Debtor.**

**LAKEVIEW INVESTMENT GROUP, INC., Plaintiff,**

**v.**

**A.B. PEMBERTON, Linwood Hunter, John Wright, Robert Smith, and Clarence White, Jr., a partnership, d/b/a "The Twenty Grand," Defendants.**

Bankruptcy No. 82–00481–3.
Adv. No. M–83–0440–AP.

United States Bankruptcy Court, E.D. North Carolina.

June 4, 1984.

Renny W. Deese, Fayetteville, N.C., for plaintiff.

Joel S. Jenkins, Jr., Fayetteville, N.C., for defendants.

## MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the defendants' motion for summary judgment.

The plaintiff filed a petition under Chapter 11 of the Bankruptcy Code on March 8, 1982. The plaintiff-debtor filed this adversary proceeding to avoid a transfer of property to the defendants. The plaintiff contends that the transfer should be set aside under the provisions of 11 U.S.C. § 547; 11 U.S.C. § 548 and 11 U.S.C. § 544. The defendants contend there was no transfer of property.

After considering the pleadings, affidavits and other documents available to the Court, the Court finds the facts to be as follows:

## FINDINGS OF FACT

On or about December 5, 1979, the plaintiff entered into a contract with William Robert Hawley and Barbara Hawley for the purchase of 6.75 acres of land, including a restaurant building, equipment and utensils. The contract provided that the purchase price was One Hundred Seventy-Five Thousand and No/100 Dollars ($175,-000.00). The purchase of the property was to be made as follows: Twenty Thousand and No/100 Dollars ($20,000.00) was to be paid by December 12, 1979; Thirty Thousand and No/100 Dollars ($30,000.00) was to be paid by June 1, 1980. Fifty Thousand and No/100 Dollars ($50,000.00) was to be paid on December 11, 1980, and the plaintiff was to execute a note to the sellers for Seventy-Five Thousand and No/100 Dollars ($75,000.00) which was to be secured by a deed of trust on the property being conveyed to the plaintiff. The contract of sale was completed on or about February 6, 1981, and at that time, William Robert Hawley and Barbara Hawley executed a warranty deed to the plaintiff. The deed was properly recorded. In return the plaintiff executed a note to the Hawleys secured by a deed of trust on the 6.75 acres of land.

On April 15, 1981, the plaintiff executed a note to the defendants and certain other parties and secured the note with another deed of trust on the 6.75 acres of land.

On or about January 11, 1982, the deed of trust from the plaintiff securing the note to William Robert Hawley and Barbara Hawley was foreclosed through a nonjudicial foreclosure proceeding and sold at public auction. The defendants purchased the property at the foreclosure sale for the sum of One Hundred Seven Thousand Nine Hundred Five and No/100 Dollars ($107,-905.00). The trustee's deed was executed and delivered on February 5, 1982. This deed was properly recorded.

At the time of the foreclosure sale under the deed of trust, the plaintiff was indebted to the defendants on the note which was dated April 15, 1981, and which was secured by a deed of trust on the 6.75 acres. Some of the defendants were also contingently liable to creditors of the plaintiff-debtor as a result of their guarantees of

the plaintiff's obligations. When the foreclosure sale occurred, the defendants, with the exception of Robert Smith, were serving on the Executive Committee of the Lakeview Investment Group, Inc., and handled and transacted the financial affairs of the corporation. All of the defendants were directors of the corporation. Prior to the foreclosure sale, the Executive Committee had considered the question of whether it should file a voluntary petition in bankruptcy and this proposal was objected to and opposed by all the defendants except Robert Smith.

The plaintiff alleges that the fair market value of the property at the time of the foreclosure sale and the execution and delivery of the trustee's deed was Two Hundred Twenty-Five Thousand and No/100 Dollars ($225,000.00). The allegations of value in the plaintiff's complaint are denied by the defendants.

## CONTENTION OF PARTIES

The plaintiff contends that the execution of the trustee's deed under the foreclosure sale and the delivery of the same to the defendants on or about February 5, 1982, was a preferential transfer of property under the provisions of 11 U.S.C. § 547; that the foreclosure was a fraudulent transfer under the provisions of 11 U.S.C. § 548; and that the foreclosure is avoidable under 11 U.S.C. § 544. The defendants contend that the foreclosure sale and the execution and delivery of the trustee's deed to the defendants is not a transfer of property of the debtor and that neither 11 U.S.C. § 547 nor 11 U.S.C. § 548 is applicable to the facts of this case. The defendants further contend that 11 U.S.C. § 544 has no application in that there was no corporate opportunity available to the plaintiff and therefore there was no breach of any duty on the part of the defendants with respect to the purchase of the property at the foreclosure sale.

## ISSUE

The issue is whether the defendants' motion for summary judgment should be granted as to any of the alleged causes of action.

## CONSIDERATION OF ISSUE

If the foreclosure sale does not constitute a transfer of property or of an interest of the debtor in property, then the motion for summary judgment should be allowed as to the alleged causes of action under 11 U.S.C. §§ 547, 548 and 544.

11 U.S.C. § 544(a) refers to any transfer of property of the debtor. 11 U.S.C. § 544(b) refers to a transfer of an interest of the debtor in property. 11 U.S.C. § 547(b) speaks of any transfer of property of the debtor. 11 U.S.C. § 548(a) refers to any transfer of an interest of the debtor in property. All three of the statutes under which the plaintiff is proceeding refer to either a transfer of property of the debtor or a transfer of an interest of the debtor in property.

Whether a trustee's deed at a foreclosure sale constitutes a transfer of property of the debtor or a transfer of an interest in property of the debtor has been considered by two Circuit Courts of Appeal. In 1981, the Fifth Circuit considered the question as to whether a nonjudicial foreclosure sale was a "transfer" within the meaning of the Bankruptcy Act. *Abramson v. Lakewood Bank & Trust Company,* 647 F.2d 547 (5th Cir.1981), *cert. denied,* 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1982). In this opinion, the Court held that a foreclosure sale was a transfer within the meaning of the Act. The Fifth Circuit relied upon an earlier case which is *Durett v. Washington National Insurance Company,* 621 F.2d 201 (5th Cir.1980). It should be noted that the language of the old Bankruptcy Act referred to a transfer made *by* a debtor. The Bankruptcy Code contains no such language. The Bankruptcy Code refers to a transfer of property of a debtor or of an interest of the debtor in property.

A more recent case on this issue is the case of *Madrid v. Lawyers Title Insurance Corp.,* 725 F.2d 1197 (9th Cir.1984). In the *Madrid* case, the Court concluded

that the transfer of an interest of the debtor in property occurred at the time the deed of trust was perfected and not at the time of foreclosure sale. In *Madrid,* the Court states that § 548(d)(1) contains the formula for determining the time of a transfer and this time is when the transfer becomes so far perfected that no bona fide purchaser from the debtor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein. The *Madrid* Court uses this provision to conclude that the execution of the deed of trust, and not the foreclosure sale, is the point at which the transfer occurs.

I am not inclined to follow the view expressed in *In re Madrid, supra.* The debtor's equity of redemption is an interest in property. *McKinney v. Sutphin,* 196 N.C. 318, 145 S.E. 621 (1928). The foreclosure sale disposes of the debtor's interest in the property. It might be argued that an interest in property is not transferred and that the foreclosure sale simply "extinguishes" the debtor's right of redemption. However, regardless of the semantics, a property right of the debtor is "disposed" of by the sale and this is clearly within the definition of a transfer. 11 U.S.C. § 101(41).

The Court in the *Madrid* case relies heavily on the language of 11 U.S.C. § 548(d)(1) in concluding that the "transfer" occurred at the time of perfection of the deed of trust rather than at the foreclosure sale. There is no doubt that a transfer occurs at the time the deed of trust is perfected; however, the debtor has multiple interests in real property. It may be accurate to state that no junior mortgagee of the debtor can acquire rights in the property superior to the rights of the senior mortgagee; however, the rights of an owner of the property are superior rights to those of a mortgagee. Frequently, the property has value in excess of the perfected liens. Although this right is subject to the perfected security interest, it is nonetheless an interest which is superior to the security interest.

## CONCLUSIONS OF FACT AND LAW

The foreclosure sale of the 6.75 acres of land on January 11, 1982, constituted a transfer of an interest in property of the debtor. *Abramson v. Lakewood Bank & Trust Company, supra; Marshall v. Spindale Savings & Loan Association (In re Marshall),* 15 B.R. 738 (Bkrtcy.N.C.1981). A transfer was perfected when the trustee's foreclosure deed was recorded on February 5, 1982. The defendants' motion for summary judgment should be denied.

A separate Order denying the defendants' motion for summary judgment will be entered.