**In the Matter of Myrtle T. MARSHALL, Debtor.**

**Myrtle T. MARSHALL, Plaintiff,**

v.

**SPINDALE SAVINGS AND LOAN ASSOCIATION, E. Thomas Hardin & Robert T. Atchley, Defendants.**

**Bankruptcy No. SH–B–81–351. Adv. No. 81–0272.**

United States Bankruptcy Court, W. D. North Carolina, Shelby Division.

Nov. 17, 1981.

O. Max Gardner, III, Shelby, N.C., for plaintiff.

A. Clyde Tomblin, Spindale, N.C., for defendant.

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS MATTER coming on to be heard and being heard before the undersigned Judge Presiding over the United States Bankruptcy Court for the Western District of North Carolina on Thursday, October 1, 1981, for trial on a complaint filed by the plaintiff to set aside the pre-petition sale of her single-family residence under Section 548 of Title 11 of the United States Code, and the Court, after reviewing the record, considering the evidence, and hearing the arguments of counsel, makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

FROM THE RECORD IN THIS PROCEEDING, THE COURT FINDS AS A FACT THE FOLLOWING:

1. The underlying Chapter 13 case was commenced by the filing of a petition with this Court on July 2, 1981. In the statement of debts filed with the said petitioner, the petitioner averred that she owed Spindale Savings and Loan Association, Spindale, North Carolina, the sum of $557.44 as past due payments on a note secured by a first deed of trust on her principal residence located at 313 Ohio Street, Spindale, North Carolina.

2. On or about July 30, 1981, the debtor and plaintiff herein filed a motion with this Court pursuant to Sections 362 and 105 of the Federal Bankruptcy Code requesting this Court to enforce the automatic stay or to issue a temporary restraining order against the defendant Atchley prohibiting him from seeking to dispossess the debtor-plaintiff from her residence located at 313 Ohio Street.

3. Machine copies of the debtor-plaintiff's motion were served by United States Mail, first-class, postage prepaid, on the defendant, Spindale Savings and Loan Association, on the defendant Atchley, and on Mrs. Joan M. Jenkins, Clerk of Superior Court, Rutherford County, North Carolina.

4. On or about July 30, 1981, counsel for the debtor-plaintiff filed an affidavit with this Court indicating that he had notified all of the parties listed in paragraph 3 above by telephone on July 29, 1981, that he would apply to this Court for a ten (10) day temporary order on July 30, 1981, pursuant to Rule 65 of the Federal Rules of Civil Procedure and to Section 105 of the Bankruptcy Code, enjoining and prohibiting any party or agency from evicting the above-named debtor-plaintiff from her residence at 313 Ohio Street, Spindale, North Carolina.

5. The debtor-plaintiff's request for a temporary restraining order came on for hearing before this Court on Thursday, July 30, 1981. Based upon the verified motion filed by the debtor-plaintiff and the verified affidavit filed by counsel for the debtor-plaintiff, and upon facts of which this Court took judicial notice, a temporary restraining order was duly issued on August 3, 1981. The said order provided, *inter alia*, that all adverse parties should appear before this Court at 10:00 o'clock a. m. on August 10, 1981, to show cause why the

order should not be continued until a final hearing and trial. In that order, the plaintiff-debtor was also directed to commence the instant adversary proceeding on or before August 3, 1981.

6. The instant adversary proceeding was commenced by the filing of a complaint with this Court on August 3, 1981. In her complaint, the plaintiff-debtor prayed that the sale of her single-family residence be voided as a fraudulent conveyance under Section 548 of the Federal Bankruptcy Code and also alleged that she was entitled to recover compensatory and punitive damages against the defendants because of the alleged breach of fiduciary duty on the part of the trustee under the said deed of trust. The plaintiff-debtor also filed the following pleadings with the Court on August 3, 1981: a motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure; a motion to shorten time for responding to a request for production of documents; a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure; and a motion to shorten time for the defendants to file answer to the plaintiff's complaint.

7. On August 4, 1981 this Court entered an order directing the defendants to respond to the plaintiff-debtor's request for production of documents on or before August 19, 1981. In addition, this Court entered a separate order requiring the defendants to file responsive pleadings to the plaintiff's complaint on or before August 21, 1981.

8. The Clerk of this Court thereafter caused summonses to be issued in the names of the individual defendants on August 6, 1981. In the summonses, the defendants were notified that they were required to file answer to the complaint on or before August 21, 1981.

9. On or about August 20, 1981, A. Clyde Tomblin, Attorney and Counsellor at Law, filed an answer in this proceeding on behalf of all of the above-named defendants.

10. This cause was initially set for trial on Tuesday, September 1, 1981 at 2:00 o'clock p. m. Notice of the said trial date was prepared by the Clerk of this Court on August 17, 1981, and was mailed to all parties in interest on August 19, 1981.

11. On August 28, 1981, the plaintiff-debtor herein, through counsel, moved this Court pursuant to Rule 737 of the Rules of Bankruptcy Procedure and Rule 37 of the Federal Rules of Civil Procedure for an order compelling the defendants to comply with the request for production of documents previously filed in this proceeding and furthermore to require the defendants to comply with the order previously entered by the Court shortening the time for such discovery.

12. When this matter came on for trial on Tuesday, September 1, 1981, counsel for the plaintiff advised the Court that the defendants had not complied with the request for discovery. In response thereto, counsel for the defendants advised the Court that he was not aware of the pendency of any request for production of documents. As a result thereof, the trial of this matter was continued by this Court until Thursday, October 1, 1981, and the defendants were directed to comply with the request for production of documents forthwith.

13. This matter subsequently came on for trial before this Court on Thursday, October 1, 1981. At that time, the plaintiff, Myrtle T. Marshall, was represented by O. Max Gardner III, Attorney and Counsellor at Law, Shelby, North Carolina. The defendants, Spindale Savings and Loan Association, E. Thomas Hardin and Robert T. Atchley, were represented by A. Clyde Tomblin, Attorney and Counsellor at Law, Spindale, North Carolina.

14. This matter was properly called for trial before this Court on October 1, 1981, after notice to all parties, and this Court has jurisdiction over all of the said parties.

15. This Court has jurisdiction to hear this cause pursuant to Section 548 of Title 11 of the United States Code and pursuant to Section 1471 of Title 28 of the United States Code.

16. None of the parties herein have requested, by motion or otherwise, a trial by jury on any of the issues raised in this proceeding. As a result thereof, if any right to jury trial existed in this proceeding then it has been properly waived by failure of any of the parties to make a timely request for such trial.

17. The defendants herein have failed to protest by way of proper pleading or motion the sufficiency of service of process upon them, the sufficiency of process, or the jurisdiction of this Court over their person, and therefore such defenses, if any there be, have been waived as provided for by the Federal Rules of Civil Procedure and the Rules of Bankruptcy Procedure.

18. All parties are therefore properly before this Court and this Court is vested with adequate authority to decide the issues raised in this proceeding.

FROM THE EVIDENCE PRESENTED DURING THE TRIAL OF THIS CAUSE, THE COURT MAKES THE FOLLOWING ADDITIONAL FINDINGS OF FACT:

19. The plaintiff first occupied the single-family residence at 313 Ohio Street in 1961. At that time, the plaintiff rented the property.

20. The plaintiff subsequently purchased the subject property in 1976. At that time, the plaintiff paid the sum of $6,000.00 for the property.

21. After purchasing the property, the plaintiff caused considerable improvements to be made to the property including but not limited to the installation of a new roof, renovation of the bathroom, installation of wall-to-wall carpet, the construction of a utility room, the panelling of all interior rooms, the installation of lineoleum flooring in the kitchen, the installation of new screens on all windows, the installation of two storm doors, the installation of a new commode in the bathroom, and the building of two additional closets within the home. The total cost of these improvements was approximately $4,500.00. The majority of these improvements were made by Mr. D. C. Harmon, General Contractor, Forest City, North Carolina.

22. The plaintiff was able to purchase the home and to pay for all of the aforesaid improvements with the use of cash settlement proceeds that she received because of serious personal injuries that she suffered in 1975.

23. In late November or early December of 1977 the plaintiff was approached by a representative of the Phil Mechanic Construction Company about the installation of aluminum siding on her residence at 313 Ohio Street, Spindale, North Carolina. The plaintiff subsequently entered into a contract with the Phil Mechanic Construction Company to install such siding for the total sum of $5,460.00. Prior to signing the contract, the plaintiff advised the said representative that she did not have adequate funds to pay for the siding. In response thereto, the said representative referred the plaintiff to Spindale Savings and Loan Association, Spindale, North Carolina, for such financing.

24. On December 7, 1977, the plaintiff filed an application with Spindale Savings and Loan Association for a ten (10) year loan in the sum of $5,500.00 payable, including interest thereon, at the rate of $69.68 per month. The purpose for this loan was to obtain the necessary funds to pay the Phil Mechanic Construction Company for the purchase and installation of the aluminum siding. At the time the application was made, the siding had already been installed on the plaintiff's residence.

25. On or about December 7, 1977, Mr. John Rawlings, Mr. B. E. Beatty, and Mr. George V. Yelton, Jr. (i.e., the loan committee), conducted an appraisal of the plaintiff's property at 313 Ohio Street for the purpose of considering the plaintiff's loan application. These individuals subsequently filed a written report with the Association on December 13, 1977. In that report, the committee found that the land had a fair market value of $700.00; that the heated or enclosed area of the home (1,038 square feet) had a fair market value of $15,570.00; that the front porch (24 square feet) had a fair market value of $48.00; and that the

wooden deck (132 square feet) had a fair market value of $528.00. Based upon the foregoing facts the committee determined that based on the replacement value approach the property had a fair market value as of December 7, 1977, of $16,098.00. The committee then determined that a 40% depreciation factor should be deducted from this value and after deducting same, estimated that the total fair market value of the property as of December 7, 1977, was $10,359.00.

26. Based on the foregoing loan application and appraisal report, Spindale Savings and Loan made a $5,500.00 loan to the plaintiff-debtor on December 22, 1977. This loan was assigned file number 5338 by the Association. At the time the loan was made, the property had been appraised for ad valorem tax purposes as having a fair market value of $6,440.00.

27. On December 20, 1980, the Blanton Insurance Agency, Inc., P.O. Box 650, Forest City, North Carolina, issued a policy of insurance against the subject property. The policy was assigned file number 932AN6247. The policy insured the plaintiff-debtor's residence in the sum of $16,000.00. Spindale Savings and Loan Association was named as a loss payee under the aforesaid policy of insurance and received a copy thereof in the normal course of business. Spindale Savings and Loan Association, also in accordance with its normal business practices, possessed a machine copy of the said policy of insurance in its records on the plaintiff's loan file.

28. On or about January 22, 1981, the subject insurance carrier caused an endorsement to be issued on the policy of insurance affecting the subject property by increasing the amount of coverage on the one story frame dwelling from $16,000.00 to $23,500.00. This action was taken based on the company's conclusion that the replacement value of the property had increased substantially since the original policy of insurance had been issued. A copy of the said general endorsement was forwarded to Spindale Savings and Loan Association and the said Association maintained a copy of this endorsement in its file and was aware of the increase in coverage.

29. On or about the 26th day of February, 1981 the trustee under the deed of trust, at the instruction of Spindale Savings and Loan Association, commenced a foreclosure proceeding against the plaintiff's single-family residence in Rutherford County, North Carolina. The foreclosure proceeding was instituted in the General Court of Justice, Superior Court Division, before the Clerk, Rutherford County, North Carolina, and was assigned file number 81 SP 65.

30. On or about March 31, 1981, the Clerk of Superior Court, Rutherford County, North Carolina, after proper notice to the plaintiff-debtor, conducted a hearing and determined that the debt was valid, that the plaintiff's loan obligations were in default, that the trustee had authority to conduct a non-judicial foreclosure sale, and that such a sale should in fact be held.

31. The plaintiff-debtor's property was thereafter offered for public sale at 10:30 o'clock a. m. at the Rutherford County Courthouse, Rutherfordton, North Carolina, on Thursday, April 30, 1981. At that time, Spindale Savings and Loan Association submitted a bid for the subject property in the sum of $5,041.63. The bid was computed by determining the outstanding principal balance on the plaintiff's loan, the accrued interest, the costs of the foreclosure proceedings, and all attorney's fees associated therewith.

32. With respect to the bid submitted by Spindale Savings and Loan Association, its vice president, Mr. George V. Yelton, Jr., testified that the amount of the bid had no relation to the fair market value of the subject property. Rather, Mr. Yelton testified that the amount of the bid was determined solely from the factors enumerated in paragraph number 31 above. Mr. Yelton further testified that it had always been the standard practice of Spindale Savings and Loan Association to submit a bid at one of its foreclosure sales in an amount equal to its monetary exposure on the loan.

33. Spindale Savings and Loan Association did not conduct a new appraisal of the

subject property at any time immediately before the foreclosure sale.

34. The bid submitted by Spindale Savings and Loan Association on April 30, 1981 was subsequently upset by a bid submitted by the defendant, Robert T. Atchley, in the sum of $5,342.26.

35. Spindale Savings and Loan Association notified the plaintiff of the original bid, the upset bid, and the procedures for transferring title to the property by way of a letter dated May 1, 1981. In that same letter, the Association advised the plaintiff that she still had time to secure a new loan from another lender and to pay off the Association the money it was owed. In that letter, the plaintiff was strongly encouraged to take this course of action because if she was able to retain the house she could subsequently sell it and would "certainly net some cash profit and this would be better than losing the house entirely."

36. The upset bid submitted by the defendant Robert T. Atchley was finally accepted by the trustee and a trustee's deed was thereafter issued prior to the commencement of the Chapter 13 case.

37. Mr. George V. Yelton, Jr., Vice President, Spindale Savings and Loan Association, testified that in his opinion the fair market value of the subject property as of the date of foreclosure was greater than the fair market value of the property on December 7, 1977, the date the Association appraised it as having a fair market value of $10,359.00. In particular, Mr. Yelton testified that under the replacement to value approach the home itself (1,038 square feet) would have a fair market value today of approximately $20,760.00 as opposed to a fair market value of $15,570.00 on December 7, 1977. Mr. Yelton testified that this increase was due to substantial increases in the cost of building materials and labor that had occurred since December 7, 1977.

38. The parties stipulated at the trial of this matter that the Chapter 13 pleadings and amendments previously filed by the plaintiff-debtor in her bankruptcy case could be introduced into evidence without any further authentication and without objection by the defendants. The said schedules, as amended, indicated that the financial condition of the plaintiff-debtor herein was such that the sum of her debts was greater than all of her remaining property (excluding the single-family residence) at their fair evaluation, exclusive of the property that she had claimed as exempt under Section 522 of the Federal Bankruptcy Code.

39. The fair market value of the plaintiff's single-family residence at the time of the transfer of title to the defendant Atchley was, based on all of the evidence presented at the trial of this Court, at least $18,000.00.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. All parties are properly before this Court and this Court has jurisdiction to consider the issues raised in this proceeding and to render its decision based upon the aforesaid facts.

B. The foreclosure sale of the plaintiff's property constituted a "transfer" of the property as that term is used and defined in Section 548 of Title 11 of the United States Code.

C. The plaintiff-debtor may seek to avoid the transfer of her interest in the single-family residence located at 313 Ohio Street, Spindale, North Carolina, because the foreclosure sale occurred within one year before the date of the filing of her Chapter 13 petition.

D. The plaintiff-debtor received less than a reasonably equivalent value in exchange for such transfer of her property by virtue of the foreclosure sale.

E. The plaintiff-debtor became insolvent as a result of the transfer of her property to the purchaser at the foreclosure sale.

F. The transfer or sale of the property to the defendant, Robert T. Atchley, should therefore be cancelled and avoided and the trustee's deed should be declared null and

void as a fraudulent conveyance under Section 548 of the Federal Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

 I. That the trustee's deed to the defendant, Robert T. Atchley, be and the same is hereby declared null and void and the Register of Deeds for Rutherford County, North Carolina, be and she is hereby directed to mark such deed null and void on the land records as maintained in her office;

II. That the defendant, Robert T. Atchley, be and he is hereby ordered to immediately convey the subject property by way of a standard North Carolina Quit-Claim Deed to the plaintiff, Myrtle T. Marshall and her son, William Thomas Marshall;

III. That the defendant, Spindale Savings and Loan Association, be and it is hereby ordered to immediately reinstate the plaintiff's loan on its books and records to the same extent as if such loan had never been charged off or cancelled;

IV. That the trustee in this cause, Marcus L. Johnson, be and he is hereby directed to amend the schedules in the plaintiff's Chapter 13 case so as to include all arrearages owed to Spindale Savings and Loan Association up to and including the payment that was due for the month of September, 1981, and that such payments are to be made to the Association through the plaintiff-debtor's regular payments to the Chapter 13 Trustee under her plan of arrangement;

V. That the plaintiff-debtor be and she is hereby directed to immediately begin making her regular monthly contract payments to Spindale Savings and Loan Association beginning with the payment for the month of October, 1981, and continuing each and every month thereafter pursuant to the terms of her promissory note and deed of trust;

VI. That the plaintiff be and she is hereby directed to immediately obtain hazard insurance on her dwelling in the sum of at least $18,000.00 and to name Spindale Savings and Loan Association as a loss payee on such policy of insurance;

VII. That the costs of this action as taxed by the Clerk of this Court are to be charged against Spindale Savings and Loan Association;

VIII. That Spindale Savings and Loan Association be and it is hereby ordered to immediately file a proof of claim in this cause for the amount of monies it has expended in the foreclosure proceeding commenced against the plaintiff's property, said claim to include reasonable attorney's fees incurred by the Association in connection with the said foreclosure;

IX. That a true and certified copy of this judgment be recorded in the Office of the Register of Deeds, Rutherford County, North Carolina and the plaintiff-debtor is hereby ordered to pay the cost of such recording.