In re Connie Dale SMITH, Debtor.

Langdon M. COOPER, Trustee, Plaintiff,

v.

Connie Dale SMITH; Home Federal Savings and Loan Association; George B. Thomasson, Trustee; B.D.F. Construction Company, Inc.; Sun American Financial Corporation; First Union National Bank and Amity Finance of Kings Mountain, Inc., Defendants.

Bankruptcy No. SH–B–82–13.
Adv. No. 82–467.

United States Bankruptcy Court,
W.D. North Carolina,
Charlotte Division.

June 28, 1982.

Langdon M. Cooper, pro se.

Wayne Sigmon, Gastonia, N.C., for defendants.

## ORDER AND JUDGMENT

MARVIN R. WOOTEN, Bankruptcy Judge.

This cause coming on to be heard and being heard on June 1, 1982 and it appearing that the only parties who have appeared in this adversary proceeding are the plaintiff and defendants Home Federal Savings and Loan Association, George B. Thomasson, Trustee, and B.D.F. Construction Company, Inc. The parties have stipulated to and the Court makes the following:

## FINDINGS OF FACT:

1. This adversary proceeding is related to case number SH–B–82–13 now pending

before this Court pursuant to a voluntary Chapter 13 Petition filed by the debtor on 12 January 1982 under the United States Bankruptcy Code (Title 11 of the United States Code), "the Code", and converted to a Chapter 7 estate on 3 March 1982, in the matter of Connie Dale Smith, Debtor.

2. In this adversary proceeding the plaintiff, as the duly qualified and serving Trustee of the related Chapter 7 estate of the debtor, seeks (i) the avoidance of a certain post-petition transfer of real estate under Section 549 of the Code, or in the alternative, the avoidance of a pre-petition transfer of real estate under Section 548 of the Code, (ii) the preservation of the avoided transfer under Section 551 of the Code, (iii) the authority from this Court to sell the real estate, which is the subject of the avoided transfer, free and clear of all liens and other interests, for $48,000 cash and at private sale, all pursuant to Section 363 of the Code, (iv) a substantive determination under Sections 363(f) and 363(g) of the Code of the validity of the liens and interests of the defendants, and (v) pending a determination of the merits of the Trustee's claims, a transfer to sales proceeds of these claimed liens and claimed interests and an authorization by this Court to sell free and clear. The real estate which is the subject of this Complaint shall herein be called "the Real Estate".

Conversely, defendant, B.D.F. Construction Company, Inc. ("BDF") asserts (i) that it is the sole fee simple owner of the Real Estate which it purchased in good faith at a foreclosure sale; (ii) that the facts as alleged by plaintiff do not constitute grounds for relief under either Section 549 or 548 of the Code; (iii) that the Real Estate is not property of the estate under Section 541 of the Code and that neither the trustee nor the debtor has any interest whatsoever in that Real Estate; and (iv) that it concurs that there is a bona fide dispute as to ownership rights to the Real Estate, and objects to all the plaintiff's prayers for relief as contained in his complaint in this adversary proceeding.

3. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1471 and one or more of the following: 11 U.S.C. §§ 363, 548, 549, 550 and 551.

4. Plaintiff, an individual citizen and resident of Gaston County, North Carolina, was on 3 March 1982 appointed Trustee of the related Chapter 7 estate of the debtor, Connie Dale Smith, has qualified and is currently serving as such trustee. The plaintiff will hereinafter sometimes be called "the Trustee".

5. Defendant Connie Dale Smith is the debtor in the related Chapter 7 estate and is a citizen and resident of Cleveland County, North Carolina ("the Debtor").

6. Defendant Home Federal Savings and Loan Association is a federal savings and loan association with its principal offices in Cleveland County, North Carolina ("Home Federal").

7. Defendant George B. Thomasson, Trustee, is a citizen and resident of Cleveland County, North Carolina.

8. Defendant B.D.F. Construction Company, Inc., is a North Carolina corporation with offices in Cleveland County, North Carolina ("BDF"); Defendant First Union National Bank ("First Union") is a national banking association with offices in Cleveland County, North Carolina; Defendant Sun American Financial Corporation ("Sun American") is a foreign corporation with offices in Cleveland County, North Carolina; and Defendant Amity Finance of Kings Mountain, Inc., ("Amity") is a North Carolina corporation with offices in Cleveland County, North Carolina.

9. On or about 11 May 1978 BDF first acquired the Real Estate, which is located in Number 4 Township, Cleveland County, North Carolina and is more particularly described as the full contents of Lot 17 of White Plains Subdivision, Section 2, as shown on that plat by Clyde Fesperman, Registered Surveyor, dated 11 November 1977 and recorded in the Cleveland County Registry in Plat Book 14 at Page 81. The term "the Real Estate" includes the lot and all improvements.

10. On or about 26 September 1978 BDF, as the fee simple owner of the Real Estate at that time, granted a Deed of Trust to George B. Thomasson, Trustee, for the benefit of Home Savings and Loan Association (now Home Federal Savings and Loan Association) to secure a note of BDF to Home Federal in the initial principal amount of $32,000. This Deed of Trust was recorded on 29 September 1978 in Deed of Trust Book 874 at Page 535 in Cleveland County Registry.

11. On or about 9 March 1979 BDF sold the Real Estate to the Debtor and his wife Paula in a Deed recorded in March 1979 in the Cleveland County Registry.

12. On or about 9 March 1979 the Debtor and his wife granted a Deed of Trust to George B. Thomasson, Trustee, for the benefit of BDF to secure a note in the initial principal amount of $5,860. This Deed of Trust was recorded on 22 March 1979 in Deed of Trust Book 880, at Page 22 in the Cleveland County Registry. The note called for interest to accrue at the rate of 10% per annum and it was due in full on 9 March 1984.

13. On or about 18 September 1981 the Debtor and his wife conveyed the Real Estate to the Debtor individually in that Deed recorded on 24 September 1981 in Deed Book 17–0 at Page 462 in the Cleveland County Registry.

14. Sun American, First Union and Amity obtained judgments against the Debtor respectively on 2 May 1981, 6 November 1981 and 19 January 1982 in the respective amounts of $800, $727.06 and $452.97; these judgments appear respectively in Cleveland County in the Office of the Clerk of Superior Court in Judgment Book 17 at Page 35, and Judgment Book 18 at Pages 30 and 170.

15. In late 1981 the note to Home Federal which was secured by the Deed of Trust recorded in Deed of Trust Book 874 at Page 535, came to be in default, and a North Carolina real estate foreclosure was instituted pursuant to N.C.G.S. 45–21.1 et seq. pursuant to the power of sale contained in that Deed of Trust. This special proceeding appears as file number 81–SP–467 in the Office of the Clerk of Superior Court of Cleveland County, North Carolina. Due notice and advertisement then occurred in that special proceeding.

16. On 29 December 1981 the outstanding balance of the first mortgage note to Home Federal, as described above, was $33,327.27, and the outstanding ad valorem taxes and all the foreclosure costs totaled $2,036.14.

17. On 29 December 1981 BDF's note, which was secured by the second lien Deed of Trust recorded in Deed of Trust Book 880 at Page 22, as described above, had an outstanding balance of $8,125.43. Also on this day three subordinate judgments appeared of record as junior liens on the real estate as described in paragraph 14 above.

18. On 29 December 1981 the public real estate foreclosure sale pursuant to N.C.G.S. 45–21.1 et seq. was conducted in that special proceeding number 81–SP–647 by George B. Thomasson, Trustee, and BDF became the last and highest bidder at $35,363.41, which was the total of the two figures described in numbered paragraph 16 above. George B. Thomasson, Trustee, pursuant to N.C.G.S. 45–21.26, did on 29 December 1981 file his Report of Foreclosure Sale in the Office of the Clerk of Superior court for Cleveland County, North Carolina.

19. The sale remained open for ten (10) days as required by North Carolina law and no upset bids were filed. This ten (10) day period expired at 5:00 o'clock P.M. on Friday, 8 January 1982.

20. N.C.G.S. 45–21.20 provides inter alia that a power of sale under a Deed of trust, such as Home Federal's Deed of Trust described above in numbered paragraphs 10 and 15, terminates only if payment is made of the entire secured debt plus the foreclosure costs prior to the expiration of the time for submitting any upset bid.

21. N.C.G.S. 45–21.29A provides inter alia: "If in (the) case of an original sale under this Article no upset bid has been filed at the expiration of the 10-day period, as provided in N.C.G.S. 45–21.27 (for the filing of upset bids), the rights of the par-

ties to the sale become fixed." In the subject case this occurred at 5:00 o'clock P.M. on Friday, 8 January 1982.

22. On 12 January 1982 the Debtor's voluntary Chapter 13 petition was filed in the United States Bankruptcy Court for the Western District of North Carolina. The Bankruptcy Court's filing office is located in Mecklenburg county, North Carolina; the Real Estate is located in Cleveland County, North Carolina.

23. BDF and Home Federal were listed as creditors by the Debtor in his petition on 12 January 1982.

24. The Real Estate as listed in the Debtor's petition on 12 January 1982 was listed by the Debtor as an asset of the estate with a fair market value of $50,000. For calendar year 1981 the Real Estate had an ad valorem tax value of $36,920.

25. On 29 January 1982 pursuant to N.C.G.S. 45–21.33 the Final Report of George B. Thomasson, Trustee, in the foreclosure was filed in the Office of the Clerk of Superior Court in Cleveland County disclosing the sale to BDF for $35,363.41.

26. On 29 January 1982 at 3:53 p.m. a real estate foreclosure trustee's Deed from George B. Thomasson, Trustee, to BDF was recorded in the Cleveland County Registry in Deed Book 17–R, at Page 165. It recites a sales price of $35,363.41.

27. On 29 January 1982 at 3:54 p.m. a Deed of Trust was recorded in the Cleveland county Registry in Deed of Trust Book 908 at Page 283, from BDF to George B. Thomasson, Trustee, for the benefit of Home Federal to secure a note of BDF to Home Federal in the initial principal amount of $36,000.

27A. On 1 February 1982 BDF, Home Federal and George B. Thomasson first learned of the Debtor's Chapter 13 filing.

28. At all times from 29 December 1981 until the present date the net fair market value of the Real Estate was at least $45,-000. Net fair market value shall mean gross sales prices less a realtor's commission of approximately $2,000.

29. BDF in an arms' length transaction could have sold the Real Estate on 9 January 1982 for $45,000 without payment of any realtor's commission. The plaintiff, Langdon M. Cooper, Trustee, in an arms' length transaction could have sold the Real Estate on 13 May 1982 for $48,000, less $2,000 realtor's commission, for a net of $46,000.

30. Copies of the face of the Debtor's bankruptcy petition and the Conversion and Relief Order were recorded by the Trustee on 23 April 1982 in Deed Book 17–T at Page 85, in the Cleveland County Registry.

31. The plaintiff claims that the expiration of the 10-day upset period at 5:00 o'clock P.M. on Friday, 8 January 1982, at which time the rights of the parties to the sale became fixed pursuant to N.C.G.S. 45–21.29A, was a transfer of an interest of the debtor in the Real Estate as the term "transfer" is used in Section 548(a), and defined in Section 548(d)(1), of the Code. The defendants BDF, Home Federal and George B. Thomasson claim the transfer occurred at an earlier date.

32. On 8 January 1982 the debtor was insolvent.

33. Home Federal has a valid lien on the Real Estate in the amount of $36,000 plus accrued interest.

The parties have stipulated that the following are the contested issues of law:

1. When did the transfer of the Debtor's interest in the Real Estate occur?

2. What is the dollar amount of the value which the Debtor received in exchange for the transfer of the Real Estate to BDF?

3. Was this amount which the Debtor received less than a reasonably equivalent value in exchange for the transfer of the Real Estate to BDF?

4. If the transfer to BDF is avoidable by the Plaintiff, what is the dollar amount of the lien of BDF pursuant to Section 548(c) and Section 550(d)(1) of the Code?

5. If the transfer to BDF is avoidable by the Plaintiff, is the Plaintiff entitled to recover from BDF the cash amount of $636.55 (plus accrued interest on the $36,000

lien of Home Federal) in addition to recovery of the Real Estate?

The parties have stipulated that no evidence is to be offered to the Court other than the stipulated facts and copies of all relevant documents which are stipulated to be true and complete copies of the originals.

## DISCUSSION AND CONCLUSIONS OF LAW:

■ Plaintiff has brought this action pursuant to 11 U.S.C. § 548 and 11 U.S.C. § 549. However, plaintiff has stipulated that the "transfer" involved herein occurred prior to the date of the filing of the debtor's petition. Hence, 11 U.S.C. § 549 is not applicable to the facts presented.

■ This Court has previously held that a foreclosure sale of a debtor's residence constitutes a "transfer" within the definition of 11 U.S.C. § 548. *In the Matter of Myrtle T. Marshall,* Bkrtcy., 15 B.R. 738 (N.C. 1981). However, in the Marshall case this Court did not specify *exactly* when the transfer occurred. North Carolina law provides that in non-judicial foreclosures where no upset bid is filed, the rights of the parties to the foreclosure sale, i.e., the rights of the trustee under the deed of trust being foreclosed (as seller) and the rights of BDF (as purchaser), become fixed at the expiration of the 10-day period for the filing of upset bids. See N.C.G.S. 45–21.29A. It is at this point in time that the Debtor loses his rights to the equity of redemption he had in the Real Estate. The transfer in this case occurred at the close of business of the Clerk's office at 5:00 o'clock p.m. on Friday, January 8, 1982, which is the time when the 10-day upset bid period expired and the Debtor's equity of redemption extinguished.

■ Of the remaining issues contested herein, the crux of this matter is presented by Contested Issue Number 3. Even assuming, without deciding, that defendant BDF gave value to the debtor of only the amount it bid at the Home Federal foreclosure sale ($35,363.14) and further assuming, without deciding, that the fair market value of the Real Estate is that which plaintiff claims it to be ($46,000.00); the Court would still conclude that defendant BDF gave a "reasonably equivalent value" in exchange for the transfer and hence same is not avoidable.

■ The Court is aware of cases which have attached a blanket cutoff percentage of seventy percent of fair market value to determine whether or not a transfer is for less than "reasonably equivalent value" under the Bankruptcy Code or former similar statutory standards under the Bankruptcy Act. *Durrett v. The Washington National Insurance Company,* 621 F.2d 201 (5 Cir. 1980) and *In re Thompson,* Bkrtcy., 18 B.R. 67 (Tenn.1982). However, this Court feels that the percentage the amount paid for the transfer is of the fair market value of the property is but one factor to be used in determining "reasonably equivalent value" under 11 U.S.C. § 548(a)(2)(A). For example, in a case where $700,000.00 is paid for property valued at $1,000,000.00, this Court does not believe there would be "reasonably equivalent value." Hence, a 70% blanket cutoff figure is not of itself a sufficient standard by which to either avoid or not avoid a transfer under Section 548 of the Code.

All the facts and circumstances of each case must be considered together before "reasonably equivalent value" can be determined. Factors to be considered include the good faith of the transferee, the relative difference in the amount paid compared to the fair market value, and the percentage the amount paid is of the fair market value.

■ Courts should be slow to set aside a properly conducted foreclosure proceeding. Under all the facts and circumstances of this case, and with assumption that defendant BDF paid $35,363.41 for property with a fair market value of $46,000.00; this Court would conclude that "reasonably equivalent value" was paid as required by 11 U.S.C. § 548(a)(2)(A) and hence the subject transfer is not avoidable.

Since Issue Number 3 of the contested issues presented has been decided as stated

above, there is no reason for this Court to make any determination as to Issues 2, 4, and 5.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff cannot avoid the transfer of the interest of the debtor in the Real Estate pursuant to 11 U.S.C. § 548 or 11 U.S.C. § 549 and therefore the plaintiff's Complaint to set aside the transfer is dismissed and judgment shall be entered for defendants BDF, Home Federal and George B. Thomasson, Trustee, accordingly. It is further ordered that defendants Connie Dale Smith, Sun American Financial Corporation, First Union National Bank and Amity Finance of Kings Mountain, Inc., each having not appeared after due and proper service herein, have no interest whatsoever in the Real Estate.